## FRANCIS CUTLER *vs.* INHABITANTS OF ASHLAND.

Middlesex.    January 12.—29, 1877.    COLT & AMES, JJ., absent.

A contract, not under seal, purporting to be a "specification for building a town way in X.," "as by the road commissioners reported to and allowed by the town at a meeting held," and providing that the road should be built in a certain time and manner "to the satisfaction and acceptance of the road commissioners of X.," and that the price, which had been fixed by agreement between C., the contractor, and the road commissioners, acting under authority of the town, should be paid at certain times specified therein, was signed by the two road commissioners thus: "A., B., Road Commissioners for X." A few days after, the road commissioners, at the request of C., added an agreement, by which "the subscribers, road commissioners aforesaid, agree to pay to C." the price so fixed, "in manner and form on the conditions as herein expressed in the foregoing specification," and signed this agreement thus. "A., B., Commissioners of X." C. executed an assignment of "the obligation hereto annexed, signed by A., B., Road Commissioners for X.," and "of all moneys now due and to become due thereon." The other writings were annexed to this assignment. *Held,* that the contract was the contract of the town, and that the assignment was sufficient in form to assign the debt due from the town.

CONTRACT to recover $800 for building a town way in Ashland.    Writ dated June 10, 1874.

At the trial in the Superior Court, before *Colburn*, J., it appeared that the town authorized the road to be built, and the road commissioners, by its authority, let it to the plaintiff, who was the lowest bidder, for $800, and he built the road; and that the road commissioners, after letting the contract to the plaintiff, made the following memorandum:

" Specification for building a town way in Ashland.

" For building a town way leading from Cherry Street to and across the Hopkinton Railroad, as by the road commissioners reported to and allowed by the town at a meeting held the 27th day of August, A. D. 1873.

" First.    All the earth above the grade line between Cherry Street and the Hopkinton Railroad tracks, excepting such portions of said earth as shall be required on the line of said way to bring the work up or to the grade line, is to be removed across the railroad tracks and discharged within the bounds of or width of fifty feet in a straight line from railroad tracks, and also from Cherry Street, and to bring the surplus filling up to a level with said railroad tracks, and to be continued in like manner so far as the material will go.

" Second.    There shall be a culvert three feet wide by four feet deep in the clear, with covering to lap on the foundations six inches each side, said culvert to be built the west side of said Hopkinton Railroad, the place that the commissioners may point out, and also said culvert to be built on good foundations, sufficient width to carry water outside the limits of highway.

" Third.    All rocks shall be excavated and taken out at least one foot below the grade line, and removed outside the limits of said way.

" Fourth.    Along each side, and distant six feet from the outside lines of said way, there shall be gutters sunk of ten inches depression below the grade line, the inner ledge of which shall be a graded slope to the centre of the way, leaving a smooth and rounded surface from gutter to centre, and completed in a workmanlike manner to the satisfaction and acceptance of the road commissioners.

" Fifth.    Whenever one half of the work to be done shall be estimated and accepted by the commissioners as having been performed, the contractor shall be entitled to receive a proportionate value of the full sum agreed upon, less 25 per cent., which drawback and balance of the price to be paid shall become due and payable on the completion of the work and its acceptance by the said commissioners of Ashland.

" Sixth.    The work shall be commenced by the contractor immediately upon the signing of contract, and completed to the

satisfaction and acceptance of the road commissioners of Ashland on or before the fifth day of December, A. D. 1873.

              " Francis Cutler.
    " Warren Morse,  &#125; Road Commissioners
    " Willard Aldrich,  &#125; for Ashland, Mass."

A few days after making this memorandum, the road commissioners, at the request of the plaintiff, added and signed the following agreement:

" We, the subscribers, the road commissioners aforesaid, agree to pay to Francis Cutler of Holliston, in county of Middlesex, the sum of eight hundred dollars, in manner and form on the condition as herein expressed in the foregoing specification.

    " Warren Morse,  &#125;
    " Willard Aldrich, &#125; Commissioners of Ashland."

After this action was begun, the plaintiff made a settlement with the selectmen of the defendant town, by which he gave a receipt in full, and also made an agreement to enter the action neither party, and that entry was made. Charles H. Tilton made application to the court to have the entry stricken off, and the action brought forward for trial, contending that he had an assignment of the sum due to the plaintiff, and that the settlement was made in fraud of his rights. The court so ordered, and the action was tried on the question whether Tilton had such an assignment, and whether the selectmen had notice thereof. Tilton introduced in evidence the following paper, under seal, signed by the plaintiff, and dated June 21, 1873:

" Know all men by these presents, that I, Francis Cutler, in consideration of eight hundred dollars to me paid by Charles H. Tilton, do hereby assign and set over the obligation hereto annexed, signed by Warren Morse, Willard Aldrich, Road Commissioners for Ashland, Mass., bearing date    A. D. 1873, and all moneys now due and to become due thereon, unto the said Charles H. Tilton, his executors, administrators and assigns, not holding myself liable for the payment of the same ; the losses, if any, and the recovery thereof in my name, or otherwise to his use to be wholly at the risk of the said Charles H. Tilton ; and I hereby authorize the said Tilton, on the receipt of moneys due on said obligation, to execute and give full receipts and discharge therefor in my name."

There was evidence tending to show that this assignment was made for a valuable consideration, subsequently to the papers signed by the commissioners; that the error in the date was a mistake; and that all the papers were annexed to the agreement, when delivered to Tilton. There was conflicting evidence as to the notice to the selectmen.

The defendant requested the judge to rule that Tilton had no assignment of any sum due from the town to Cutler. The judge refused so to rule, and ruled that the assignment was sufficient in form to assign the debt due from the town.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions,

*T. H. Sweetser & G. A. A. Pevey*, for the defendant.

*G. F. Richardson & E. W. Washburne*, for the plaintiff.

GRAY, C. J. The assignment by the nominal plaintiff to the real plaintiff was of " the obligation hereto annexed, signed by Warren Morse, Willard Aldrich, Road Commissioners for Ashland, Mass.," and of " all moneys now due and to become due thereon."

The obligation thus identified was a contract, not under seal, purporting to be a " specification for building a town way in Ashland," " as by the road commissioners reported to and allowed by the town at a meeting held the 27th day of August," and providing that the road should be built in a certain time and manner, and " to the satisfaction and acceptance of the road commissioners of Ashland," and that the price (the amount of which was not mentioned, but had previously been fixed by agreement between the contractor and the road commissioners, acting under authority of the town, at $800) should be paid at certain times named therein.

The contract does not contain any express promise, either of the town, or of the road commissioners, to make such payment. But the subject and the terms of the contract clearly show that it is made on behalf of the town. And the signature is to the same effect, just as if the words had been transposed, thus : " For Ashland, Mass., Warren Morse, Willard Aldrich, Road Commissioners." The contract must therefore be considered, according to the intention of the parties as manifested upon its face, to be the contract of the town, and not the personal con-

tract of Morse and Aldrich. *Ballou* v. *Talbot*, 16 Mass. 461. *Barlow* v. *Lee Congregational Society*, 8 Allen, 460, 463. *Tucker Manufacturing Co.* v. *Fairbanks*, 98 Mass. 101, 104, 105. *Carpenter* v. *Farnsworth*, 106 Mass. 561. *Rathbon* v. *Budlong*, 15 Johns. 1. *Andrews* v. *Estes*, 2 Fairf. 267. *Deslandes* v. *Gregory*, 2 El. & El. 602. *Alexander* v. *Sizer*, L. R. 4 Ex. 102.

The memorandum, afterwards appended to the contract before the assignment, and forming part of it as delivered to the assignee, is not to be construed as a separate instrument, but as an addition to, and explanation of, the contract as first drawn up; and, so construed, (whatever might be its operation if of itself a distinct and complete agreement,) likewise bound the town and not the commissioners personally.

In *Simonds* v. *Heard*, 23 Pick. 120, the contract contained an express promise by the committee, and was signed by their individual names, without more. In *Tippets* v. *Walker*, 4 Mass. 595, and in *Fullam* v. *West Brookfield*, 9 Allen, 1, the contract was under seal, and could not, by the stricter and more technical rules which govern such instruments, have effect as the deed of the corporation, because there were no words in the body thereof expressing any agreement in its behalf. Those cases are thus distinguished from the one before us.

For these reasons, we concur in opinion with the Superior Court, that the assignment was sufficient in form to assign the debt due from the town.                    *Exceptions overruled.*