DANIEL M. HARRIS *vs.* INHABITANTS OF NEWBURY.

Essex. Nov 6. 1879. — Feb. 27, 1880. COLT & AMES, JJ., absent.

A town is bound to erect barriers or railings where a dangerous place is in such close proximity to a highway as to make travelling on the highway unsafe.

A traveller, in a wagon, on a highway, after dark and in a snow-storm, came to a place where the travelled part of the road forked, one branch going down a hill and the other continuing on a level. The ground was covered with snow and there were no marks of other vehicles. Not knowing which was the true road, he walked his horse keeping midway between the walls on the sides of the roads, and his wagon was overturned by the wheels on one side going off of the travelled part of the road into a gully about two feet deep, caused by the difference of grade in the two roads, and within the location of one of the roads. *Held*, that whether there was a defect in the highway, and whether the traveller was in the exercise of due care, were questions for the jury.

In an action against a town for personal injuries caused by a defect in a highway, evidence that, on the day after the accident, the plaintiff's son went to one of the defendant's selectmen, and, for and in behalf of his father, took the selectman to the place of the accident and told him all about it; and that the plaintiff's attorney, on the same day, wrote a letter to the selectmen, notifying them of the accident and asking for compensation, will warrant the jury in finding that sufficient notice of the accident, under the St. of 1877, *c.* 234, was given by the plaintiff to the defendant.

An action against a town for personal injuries caused by a defect in a highway, since the St. of 1877, *c.* 234, is not prematurely begun, although brought within thirty days after the injury and notice thereof to the town.

TORT for injuries occasioned to the plaintiff's person and carriage by a defect in a highway in the defendant town. Writ dated January 29, 1879. Answer: 1. A general denial. 2. That the defendant did not receive a sufficient notice of the plaintiff's injury, as required by law.

At the trial in the Superior Court, before *Bacon*, J., it appeared in evidence that, on January 2, 1879, the plaintiff and his son, who were travelling in a light buggy from Stratham, New Hampshire, to Salem in this Commonwealth, arrived in the defendant town about a quarter of an hour before sunset on that day; that there was a thick snow-storm at the time, the snow having then fallen to a depth of from six to eight inches; that it was so dark that, as the plaintiff testified, while they could see the walls on either side of the road, they could not see one hundred feet ahead; and that the place of the accident was at Brown's Hill in Newbury, at a spot where the road branches, the travelled

road leading to the left, and an old road leading nearly straight on to the right.

The plaintiff's evidence further showed that, when he came near to the fork of the roads, which was about half-way down the hill, he was in doubt which was the true road, as both roads looked alike, each being smoothly covered with snow, and no sign-boards or carriage-tracks being visible; and that, while thus in doubt, walking his horse slowly, and keeping as near as he could midway between the walls on either side of the road, and trying to discover some indication of the true road, the left wheels of his buggy suddenly sunk down into a gully, and the buggy was overturned and broken, and his person injured, the horse remaining standing on the bank.

The left hand or new road, which the defendant admitted to be a way which the town was bound to support, had a descent of about one foot in twenty; while the right hand or old road, the location of which it denied to be a road which the town was bound to keep in repair, ran along upon the side of a hill at about the same level with the fork of the two roads. The difference in the level of the two roads at the place of the accident was about two feet. The travelled portion of the new road was graded, at a point opposite the place of the accident and ten feet distant from it, about six inches above a gutter which ran alongside of the road, and was formed by the grading of the road on one side of it and by the sloping bank on the other. The graded portions of the two roads near the place of the accident were about eight feet apart. From the bottom of the gutter to the grade of the old road at the place of the accident, the sloping bank was about two feet in height, varying from nothing at the point where the new road diverged from the old, and increasing to two and a half feet a little beyond the place of the accident. No claim was made that the travelled part of the way of either road was not of sufficient width, or was of improper construction, or was out of repair.

The defendant admitted that the spot where the accident occurred was within the located limits of the new way. It was also in evidence, that the old way was formerly the old county road leading to Rowley, and had never been closed to the public by bars, signs or notices of any kind since the new way was

laid out and opened for travel in 1847, but was at the time of the accident still open for travel, and was occasionally so used. But, at the trial, it was agreed that it was immaterial whether the old way had been discontinued or not.

To show notice of the accident to the defendant, the plaintiff put in the following letter from his attorney to the defendant's selectmen, dated January 3, 1879: "Mr. D. M. Harris of Salem has desired me to inform you that he yesterday received serious damage to himself and carriage while riding over one of your roads from Newburyport to this place, owing to a defect in the highway for which he holds your town responsible." And the plaintiff's son testified that, on the morning after the accident, he went to one of the defendant's selectmen, and, for and in behalf of his father, took the selectman to the place of the accident and told him all about it. The plaintiff testified that, when his son came home at night and reported what he had done in thus notifying the selectmen, he assented to it.

The defendant asked the judge to rule as follows: "1. There is no evidence that the injuries for which the plaintiff seeks to recover were received by reason of any defect in the highway, or by reason of any want of a sufficient railing. 2. A sloping bank, such as the evidence in this case discloses, rising about two feet from the level of the travelled way and varying from eight to nine feet therefrom, with a gutter six inches deep between the grade of the road and the bank, is not a defect which would render the town liable; nor is it such a dangerous place as to make it incumbent upon the town to erect a railing in order to render the way reasonably safe and convenient for travel. 3. The evidence is insufficient in law to support a verdict for the plaintiff. 4. No sufficient notice to meet the requirements of the St. of 1877, c. 234, was ever given. 5. The injuries for which damages are claimed having been received January 2, and this action having been commenced January 29, the action was prematurely brought. 6. The absence of a guideboard at the point in dispute would not be such a defect as to render the town liable to a traveller who leaves the travelled part and thereby suffers injury."

The judge declined to give the first, second and third rulings requested, saying that whether there was a defect in the highway,

whether the injuries which were received were by reason of and on account of the defect, and whether the evidence upon all these points was sufficient, were matters he should leave to the jury, with proper instructions, especially upon the question whether the alleged defect was a defect, as the jury had not only heard all the testimony, but had had actual view of the premises where the accident took place; and gave general instructions as to all these matters, to which no exception was taken. As to the fourth ruling asked for, the judge instructed the jury that if they found that, by the letter of the plaintiff's counsel and by the communication of the plaintiff's son to the selectmen, taken together or singly, the town or selectmen had notice of the time, place and cause of the accident, given in behalf of the plaintiff, it was sufficient notice under the statute. The judge also declined to give the fifth request, but gave the sixth as requested.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. L. Withington, (E. W. Cate* with him,) for the defendant.

*N. J. Holden,* for the plaintiff.

SOULE, J. The question whether the injury complained of was caused by a defect in the highway, either in the road-bed, or in the want of a sufficient railing, was properly left to the jury. The evidence did not present a case in which the danger, if any, to be guarded against, lay at a distance without the limits of the road, but raised the question whether the land immediately outside the highway fell off so precipitously that there was such risk of a traveller, using ordinary care in passing along the road, being thrown or falling into a dangerous place, that a railing was necessary to make the way safe and convenient. *Murphy* v. *Gloucester,* 105 Mass. 470. *Adams* v. *Natick,* 13 Allen, 429. *Puffer* v. *Orange,* 122 Mass. 389.

The case was properly submitted to the jury on the question of due care on the part of the plaintiff. The whole facts as to the conduct of the plaintiff in the management of his horse, as to the speed at which he was going, as to the unbroken condition of the snow, as to the difficulty of seeing objects at a distance, and as to the characteristics of the place where the accident occurred, were in evidence, and it was for the jury to say whether the plaintiff was using due care. It would have been error in

the presiding judge to rule that there was no evidence which would warrant them in finding that he was.

.The refusal to rule that no sufficient notice under the St. of 1877, *c.* 234, was given by the plaintiff to the defendant, was correct. It is true that the notice must be such a communication made to the defendant, through its proper officer, as, either from the form of words used or from the circumstances under which it is made, indicates that it is made as a notice for the purpose of fixing the right of action of the person by whom or in whose behalf it is made. *Kenady* v. *Lawrence, ante,* 318. But the statute does not require it to be given in any particular form of words, and expressly permits it to be given by another for and in behalf of the person injured.

It appeared that the plaintiff was a resident of Salem, that he was injured while on his way from Stratham in New Hampshire; and that on the day after the injury the son of the plaintiff, for and in behalf of his father, called on one of the selectmen of the defendant town, took him to the place of the accident, and told him all about it. This evidence taken by itself might perhaps have warranted the jury in finding, from the circumstances under which the communication was made to the selectman, by a person, apparently a stranger, in behalf of his father who had been hurt, that it was intended as notice of a claim for compensation. And as this communication was followed by a letter from an attorney, asking for compensation, we can have no doubt that the requirement of the statute as to notice was fully complied with.

The action was not prematurely brought. The statute does not require that the notice be given, nor that the injury be sustained, thirty days before suit brought. It requires the notice to be given within thirty days after the injury, but does not call for any delay of suit after the notice. The requirement that the notice be given thus early after the injury is for the protection of the municipality, to prevent the bringing of actions on fictitious claims, and to enable towns and cities to investigate all claims for injury from defects in the highway soon after the injury is said to have been sustained, and while all important evidence, both as to the condition of the way and as to the fact of the injury, is likely to be within reach of diligent inquiry.

*Exceptions overruled.*