GEORGE H. WHITMAN, JR. *vs.* INHABITANTS OF
GROVELAND.

Essex.   November 2. — 23, 1881.   MORTON & ALLEN, JJ., absent.

A notice, to a town bound to keep a bridge in repair, that a person was injured
through a defect or want of repair in the bridge, and that the cause of the
injury was the breaking and falling of a certain span in the bridge, sufficiently
states the cause of the injury, within the St. of 1877, *c.* 234.

In an action against a town for an injury sustained by the falling of a bridge
which the town was bound to keep in repair, evidence is admissible to show
that the cause of the falling of the bridge was an accumulation of snow on the
roadway, or the excessive weight of the planking thereon, or the defective con-
dition of the iron-work, or all of these combined.

An action against a town for personal injuries caused by a defect in a highway or
bridge, since the St. of 1877, *c.* 234, is not prematurely begun, although brought
so soon after notice is given that an opportunity is not afforded the town to
call a town meeting to see if the town will pay the amount of the injury.

The St. of 1870, *c.* 219, authorized county commissioners "to lay out a highway
and construct a bridge and suitable draw across the M. River in the towns of
G. and H.;" and provided that the commissioners were "to determine and
award what cities and towns receive particular and special benefit from the
construction and maintenance of said road and bridge, and to apportion and
assess upon said county and such cities and towns, and in such manner and
amount as they shall deem equitable and just, the cost of construction and main-
tenance of such road, bridge and draw." The commissioners duly proceeded to
locate the highway and bridge; ordered the same to be constructed, assessing
the expense thereof on the county, the towns of W. and G., and the city of H.;
and awarded "that the city of H. and the town of G. shall each maintain and
keep in repair one half of the bridge and one half of the draw, each maintaining
that part contiguous to the highway leading on to the bridge from their own
city and town." *Held,* that the award was valid; and that an action might be
maintained against the town of G. for personal injuries caused by a defect in
that portion of the bridge which the town was by the award bound to keep in
repair, although such portion was outside the limits of the town of G.

TORT for personal injuries occasioned to the plaintiff, on Jan-
uary 13, 1881, by the falling of a span of the iron bridge across
the Merrimac River between Haverhill and Groveland. Writ
dated February 4, 1881. Trial in the Superior Court before
*Colburn,* J., who allowed a bill of exceptions, in substance as
follows:

The following notice, dated February 1, 1881, and signed by
the plaintiff's attorneys, was given by the plaintiff to the de-
fendant: "You are hereby notified that on the 13th day of
January, A. D. 1881, at about two o'clock in the afternoon, I

received and suffered bodily injury through a defect or want of
repair in the iron bridge known as the 'Groveland Bridge,'
across the Merrimac River, between the city of Haverhill and
town of Groveland in the county of Essex and State of Massa-
chusetts. The place where said injury was received was on the
second span of said bridge from the Groveland bank of said
river. The cause was the breaking and falling of said span."

The defendant offered to show that a usage of the town, there
being no by-laws on the subject, required seven days' notice of
a town meeting; and asked the judge to rule that the action
was prematurely brought. The judge excluded the evidence
as immaterial; and ruled that the action was not prematurely
brought.

The defendant then asked the judge to rule that the notice
was insufficient, because it did not set forth the cause of the
injury as required by the St. of 1877, c. 234. The judge refused
so to rule; and ruled that the notice sufficiently described the
cause of the injury.

The plaintiff, against the defendant's exception, introduced
evidence tending to show that the breaking and falling of said
span was the result of an accumulation of snow on the roadway
of the span, or the result of the excessive weight of planking
used in repairing the roadway, or the result of the defective
condition of the iron-work of the span, or the result of the snow
and the planking and the defective condition of the iron-work.

The plaintiff contended that the duty of maintaining said
span was imposed on the defendant by an award of the county
commissioners of Essex, authorized by the St. of 1870, c. 219;
and no evidence of any other ground of liability was given.*
The defendant asked the judge to rule that the award was
invalid and not obligatory upon the defendant, because said
statute did not authorize the commissioners to impose on the
defendant the duty of maintaining the bridge itself, or any part
of it, but only authorized them to assess on, and collect of, the
defendant the share of the expense of maintaining the bridge
apportioned to the defendant; and because said statute did not

---

* The material portions of the statute and of the award appear in the
opinion.

authorize the commissioners to compel the cities or towns mentioned in the statute to maintain or bear the cost of maintaining the bridge without the assistance of the county of Essex. The judge refused so to rule; and ruled that the award was authorized by the statute and obligatory upon the defendant.

Evidence was introduced by the defendant, showing that, from the time of the award, the defendant had employed a man to take charge of the draw in the bridge, and had from time to time made repairs on the bridge. No ruling was made or requested as to the effect of this evidence.

It did not appear in evidence whether or not the span which fell was within the limits of the defendant town, but it was admitted that that span was assigned by the award to the defendant to keep in repair.

The defendant asked the judge to rule, that, inasmuch as said statute did not give a right of action to any person injured by reason of any default in maintaining the bridge, the plaintiff was not entitled to recover. The judge refused so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*B. B. Jones*, (*J. P. Jones* with him,) for the defendant.

*I. A. Abbott*, for the plaintiff.

DEVENS, J. The notice required by the St. of 1877, *c.* 234, previous to the commencement of the action, was sufficient. This informed the defendant that the plaintiff had sustained injury through a defect in the iron bridge commonly known as Groveland Bridge, and that the cause of such injury was the breaking and falling of the second span thereof from the Groveland bank of the river. This was ample notice to enable the defendant to investigate the question of its liability, so far as the cause of the injury was concerned. To compel the plaintiff to go further, and notify the defendant of the causes which produced this defect which was the cause of the injury, would be unreasonable. It may have been that the breaking and falling of the span was caused either by the action of the elements, the overloading the bridge by snow and ice, the excessive weight of the planking laid upon it, the insufficient iron-work, or all these combined with other causes. But the plaintiff was not bound to ascertain and notify the defendant to which of these, or

whether to all these and other causes, the defect which occasioned his injury was attributable. That of which he had a right to complain was the breaking and falling of the span, if it occurred under such circumstances as would render the defendant responsible. If the plaintiff had been injured by an excavation in a highway which the defendant carelessly had permitted to exist, it could not be expected of him that at his peril he should notify the defendant of the neglect by which the excavation had been caused.

Evidence was admissible indeed, at the trial, of the excessive weight of planking, of the defective condition of the iron-work, and of the accumulation of snow and ice thereon; but this evidence bore directly upon the inquiry whether the breaking of the span was occasioned by a neglect of the duty, which the plaintiff claimed to rest upon the defendant, of keeping and maintaining the bridge in repair.

Nor has the defendant any ground of complaint that the action was prematurely brought. By the St. of 1877, *c.* 234, notice must be given, within thirty days after the injury or damage, to the person or corporation bound by law to keep the way in repair; and, if the amount of such injury or damage is not paid, action must be brought within two years from the date of such injury or damage. It is argued that, where such a notice is addressed to a town, sufficient time at least should elapse to enable a meeting to be called according to its by-laws, to enable it to act upon the notice, as, from the nature of its organization, it cannot pay until money for the purpose be properly appropriated. But no delay of suit is provided for after notice, and the time within which suit may be brought is not to be diminished by the by-laws of any town, or varied by the fact that an artificial instead of a natural person may often be the defendant. The object of the statute is to enable prompt investigation by the town of its liability, which may be done after as well as before suit, and to prevent the bringing of actions on fictitious claims when evidence may be lost or inaccessible. *Harris* v. *Newbury*, 128 Mass. 321. It was not intended to delay a party injured in his remedy any longer than simply to inform the person or corporation whom he desired to hold responsible of the time, place and cause of the injury or

damage he had sustained. The amount of that injury or damage he was not required to set forth in the notice.

In order to establish the liability of the defendant, the plaintiff put in evidence an award of the county commissioners of the county of Essex, which he contended was authorized by the St. of 1870, *c.* 219. This statute authorized and required the county commissioners, within two years from the passage of the act, " to lay out a highway and construct a bridge and suitable draw across the Merrimac River in the towns of Groveland and Haverhill." Section 2 provided that the county commissioners should proceed in all respects as is now provided by law for laying out and constructing highways, and after due notice and hearing they were " to determine and award what cities and towns receive particular and special benefit from the construction and maintenance of said road and bridge, and to apportion and assess upon said county and such cities and towns, and in such manner and amount as they shall deem equitable and just, the cost of construction and maintenance of such road, bridge and draw." Section 3 authorized the county commissioners to borrow money so far as was necessary to enable them to comply with the provisions of the act. Sections 4 and 5 provided that, in the matter of the construction of the bridge and draw, whatever was done should be subject to the approval of the harbor commissioners, and that the act should take effect from its passage.

The commissioners proceeded, in August 1871, to locate the highway and bridge, and ordered the same to be constructed, assessing the expense thereof on the county of Essex, the towns of West Newbury and Groveland, and the city of Haverhill. The same adjudication decreed " that the city of Haverhill and the town of Groveland shall each maintain and keep in repair one half of the bridge and one half of the draw, each maintaining that part contiguous to the highway leading on to the bridge from their own city and town."

The defendant contends that this award is (so far as the maintenance of the bridge is concerned) invalid, and not obligatory on the defendant. It appeared from the defendant's own evidence that since the award it had from time to time made repairs upon the portion of the bridge assigned to it. Whether

it be possible for the defendant now to question the validity of this award, or whether it could ever have done so collaterally, and whether its remedy must not have been by petition for certiorari to quash the same, if it were unauthorized, are questions it is not necessary to discuss, as we are of opinion that the objections of the defendant to the same are not tenable. They were substantially passed upon and disposed of in *Commonwealth* v. *Newburyport*, 103 Mass. 129, where a similar statute was under consideration.

It is objected that the award was invalid because it imposed on the defendant the duty of maintaining a part of the bridge, whereas, as it contends, the commissioners could only assess upon and collect of the defendant the share of the expense of maintaining said bridge apportioned to the defendant after such expense had been incurred. The construction and permanent maintenance of a bridge were the objects of the act, and the apportionment and assessment of the expense of each was to be made as the county commissioners should deem equitable and just. It was not necessary that the construction and maintenance should be apportioned to the same parties. It might be quite just that certain towns should be compelled to contribute to the construction, but not to the maintenance. Even if the words " apportion and assess . . . . the cost of construction and maintenance " literally import that an expenditure is to be made which is afterwards to be reimbursed, yet that is an apportionment and assessment of the cost of the maintenance which assigns to each of the two towns named a particular portion, and imposes upon it the duty, and thus necessarily the cost, of maintaining it. In *Commonwealth* v. *Newburyport*, the county commissioners were to fix " the relative proportions of expense " of maintaining the bridge upon the towns contiguous or near thereto, which said proportions it became obligatory upon the towns upon which it was assessed " to pay in the manner and at the times prescribed by the county commissioners." It was held that the relative proportions were fixed by assigning to each town a specific portion of the bridge to maintain, and that the manner of payment was well prescribed by directing that the towns within which the bridge was situated should make the necessary expenditures to keep the bridge in repair, receiving

in that case such sums, if any, from the county or other towns as might be fixed for their proportions. The reasoning by which this conclusion was reached applies to the present case. As in that case, there is here no provision for the collection and expenditure of money and the care of the bridge by the county commissioners. No duty is imposed upon them by the special statute under consideration, nor have they the duty under the General Statutes to supervise repairs, nor to disburse and continue to make assessments from time to time for money which they have disbursed for the benefit of the towns. If this construction is not given, the statute will fail of practical effect, while the assignment to each of the towns of a portion, and the award that it shall take care of that portion, provide for the maintenance of the bridge by what, having regard to the intent of the statute, must be deemed a practical apportionment and assessment of the cost.

The defendant contends that this case may be distinguished, because the bridge was here built by the county, and thus owned by it, and also because the fourth section of the act authorizes the county to hire such money as may be necessary to comply with the provisions of the act. Without determining who are to be held the owners of the bridge, that ownership cannot be important in this inquiry. It was a bridge forming part of a public highway. Whether owned by the county or the towns, or both, it was still one the cost of maintaining which the county commissioners were entitled to apportion and assess as they deemed equitable and just, and the power given them to hire money was given only to enable them to pay such part of the cost of either construction or maintenance as might be assessed on the county, and not for the purpose of advancing the expenses to be thereafter apportioned and assessed upon the towns.

The defendant further objected, that the award was not obligatory, because no portion of the expense of maintaining the bridge was apportioned to or assessed upon the county of Essex. This was not required by the statute, and the omission did not invalidate the award. The county was mentioned with towns receiving a special benefit, as liable to bear a portion of this expenditure if the commissioners should deem it equitable and

just.   An adjudication which imposes the whole burden on two of the towns among a large number, which might, had it been deemed equitable and just, have been compelled to bear a portion of it, exonerates such other towns and the county equally.

The place where the injury occurred does not appear to have been within the town of Groveland.   It does appear to have been on that portion of the bridge which the defendant was by the award bound to keep in repair.   The award being valid, an action may be maintained against the defendant for damages occasioned by its neglect, in the same way that it might if it were a highway within its own limits.   St. of 1877, *c.* 234.

*Exceptions overruled.*