SARAH J. BAILEY *vs.* INHABITANTS OF EVERETT.

Middlesex. Jan. 10. — March 3, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

A notice to a town that a person has been injured at a certain place on a street, by being thrown into a ditch, through the negligence of the town in not keeping the street and ditch in repair, sufficiently states the cause of the injury within the St. of 1877, *c.* 234, § 3.

TORT for personal injuries occasioned to the plaintiff by a defect in a highway in the defendant town. Answer, a general denial. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*C. Robinson, Jr.*, for the defendant.

*B. F. Butler*, (*N. L. Graffam* with him,) for the plaintiff.

W. ALLEN, J. The evidence shows that the plaintiff was injured by falling into a ditch, which was in the highway between the sidewalk and carriageway, and formed part of the highway, and which the plaintiff in her declaration alleges the defendant had negligently left uncovered. The only question before us is, whether the notice given by the plaintiff to the defendant town is sufficient. The notice particularly states the time and place of the injury, and the only objection made to it is that it does not give notice of the cause.

The statute requires a person injured to give notice of the time, place and cause of the injury. In *Noonan* v. *Lawrence*, 130

Mass. 161, it was held that notice that the cause of the injury was "the defective and dangerous condition of the way, which the city negligently permitted to be out of repair, though bound by law to keep it in repair," was not sufficient notice of the cause of an injury occasioned by rough and uneven ridges of snow and ice. The court say, "The notice must, to be sufficient, be so reasonably specific as to time, place and cause, as to be of substantial assistance to the proper authorities in investigating the question of their liability," and that a notice which is merely the statement of the general ground upon which a town is liable in every case is not a statement of the cause of the particular injury. In *Dalton* v. *Salem*, 131 Mass. 551, a notice in the words, "the cause was a defective construction or condition of the street, sidewalk and edgestones at the place named," was held not sufficient notice of a defect which consisted of a small crevice between two curbstones. In both of the above-cited cases, the place of the injury was given, and the cause was alleged to be a defect in the highway at that place, without specifying in what respect the way was defective, or stating more particularly the cause of the injury, or the manner in which it occurred. The object of the statute in requiring notice to be given of the cause of the injury is to direct the attention of the town officers to the particular thing or condition which caused the injury, so that they can see whether it is a defect or not.

In the case at bar, the cause of the injury was the ditch, which was a part of the highway, and constituted a defect in it. The notice states, in effect, that the plaintiff, while walking along the street at a certain point, being the place where the ditch was, was thrown into the ditch through the negligence of the defendant in not keeping the street and ditch in repair, and was injured thereby. This contains two substantive statements : that the plaintiff was injured by being thrown into the ditch; and that she was thrown into the ditch through the defective condition of the street and ditch. This is substantially stating that the cause of the injury was the ditch, and that the ditch was a defect. The meaning is sufficiently plain, that the plaintiff was injured by falling into a ditch in the highway, which was a defect, and caused the street to be defective, and we think that the statute requiring notice to be given of the time, place

and cause of the injury was substantially complied with. *Taylor* v. *Woburn*, 130 Mass. 494. *Spellman* v. *Chicopee*, 131 Mass. 443. *Whitman* v. *Groveland*, 131 Mass. 553. *Savory* v. *Haverhill, ante,* 324. *Exceptions overruled.*