NEW HAMPSHIRE FIRE INSURANCE COMPANY *vs.* JAMES H. HEALEY & others.

GLENS FALLS FIRE INSURANCE COMPANY *vs.* SAME.

FIRST NATIONAL FIRE INSURANCE COMPANY *vs.* SAME.

Bristol.   October 23, 1889. — June 18, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Grand Jury — Evidence — Exceptions.*

Evidence is not objectionable as disclosing what took place before the grand jury, if the time when secrecy is important has passed.

If an objection to testimony was merely general, an exception to its admission will not be sustained upon a technical ground not specified at the trial, which apparently was not in the mind of the presiding judge or of the adverse counsel, and which might have been removed if attention had been called to it.

THREE ACTIONS OF TORT, to recover back money alleged to have been obtained from the plaintiffs by the defendants' fraud and deceit upon policies of insurance against fire issued by the plaintiffs to the defendants, James H. Healey and John T. Healey.

The cases were tried together in the Superior Court, before *Bacon*, J. It appeared in evidence, that the Healeys were insured by the plaintiff companies upon stock in their jewelry factory in the sum of $1,500; that after a fire two bags containing such stock, which had evidently been taken from the Healeys' establishment, were found concealed near by. The value of the stock so found was in dispute. The plaintiffs contended that it constituted substantially all the stock that was insured, and was worth $3,000; the defendants contended that, deducting what was found in the bags, there was still a loss of stock in excess of the insurance, and the Healeys testified that the value of the stock in the bags was less than $1,500. It appeared that one Cheever had been indicted for setting the fire and stealing the goods, and that the Healeys were duly summoned and testified before the grand jury when

the indictment was found.   For the purpose of showing affirmatively, and as a part of their case, before the Healeys testified, and not in contradiction of them, what was the value of the stock found, the plaintiffs called the District Attorney, H. M. Knowlton, Esq., and asked him what the Healeys testified before the grand jury, at the time of the finding of the indictment, was the value of the stock found in the bags.   The judge allowed the question to be put, against the defendants' objection.   Mr. Knowlton testified that he could not state just what they did say about it, or whether they said anything; but that he had a strong impression that one or both of them placed a large value upon it, something like $2,500 to $3,000 ; that he might have got this from some one else, but his impression was that he got it from one or· both of the Healeys before the grand jury.

The jury returned a verdict for the plaintiff in each case ; and the defendants alleged exceptions, which, after the death of the presiding judge, were, by consent of parties, allowed by a commissioner.

The case was argued at the bar in October, 1889, and afterwards was submitted on the briefs to all the judges, except *Morton,* C. J.

*A. A. Ranney & J. M. Morton,* for the defendants.

*J. Brown,* (*G. W. Wiggin* with him,) for the plaintiffs.

C. ALLEN, J.   The evidence was not objectionable on the ground that it disclosed what took place before the grand jury. The time had passed when secrecy was important.   *Commonwealth* v. *Hill,* 11 Cush. 137.   *Commonwealth* v. *Mead,* 12 Gray, 167.   *Way* v. *Butterworth,* 106 Mass. 75.

It is, however, now objected that the evidence was not sufficiently specific to be admissible, since it did not identify which one of the Healeys made the statement in question.   It is admitted upon the defendants' brief that they were partners, but it is contended that, in testifying before the grand jury, what either one of them said would not affect the other, and that two persons could not properly be coupled together in this manner in one question.   This objection does. not appear to have been specifically taken in this form at the trial. · The question was, what the Healeys testified before the grand jury

as to the value of the stock which was found in the bags.   The defendants objected, without stating any ground of objection; but the court allowed the question to be put, and the defendants excepted.   After the answer was given, that, according to the impression of the witness, one or both of the Healeys placed a large value upon it, something like $2,500 to $3,000, the defendants excepted both to the question and to the answer as made, but did not state any specific objection to the answer, and no discussion was had thereon.

If the objection now urged had been taken specifically at the trial, the ground upon which it rests might have been removed. It might, for example, have been shown that both Healeys were together before the grand jury, and substantially agreed in their statements, or, if only one was present, it might have been shown which one it was.   If either one of them made the statement above mentioned, it was certainly competent evidence against him.   If Mr. Knowlton could testify that one or the other of them made the statement, but he could not recollect which, this testimony would at the least be competent, provided it could be shown otherwise which one it was that so testified. It appears to us that the minds of the court and of the counsel were directed to a different point.   Where the objection to testimony is merely general, an exception to its admission should not be sustained upon a technical ground not specified at the trial, apparently not in the mind of the court or of the adverse counsel, and which might have been removed if attention had been called to it.   In the opinion of a majority of the court, the entry must be,

*Exceptions overruled.*