CHARLES DOLAN vs. JOHN S. ALLEY & others.

Middlesex. February 2, 1891. — February 27, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Personal Injuries — Employers' Liability Act — Notice — Exceptions —*
*Declaration — Variance.*

A notice in writing to an employer of the time, place, and cause of an injury occasioned to his employee, signed " C. & P., Attorneys for C. D.," purports to be signed "in behalf" of C. D., within the St. of 1887, c. 270, § 3, as amended by the St. of 1888, c. 155, and, in the absence of evidence to the contrary, sufficiently shows that they were authorized to sign it.

If an objection to evidence is merely general, an exception to its admission will not be sustained upon a technical ground not specified at the trial, and apparently not in the mind of the court or of the adverse counsel, and which might have been removed if attention had been called to it.

A declaration on the St. of 1887, c. 270, § 1, cl. 1, for personal injuries to an employee, alleging that he was injured "because of the falling in and upon him of the roof" of the defendant's tannery, and that "the condition of said tannery and the roof thereof was defective and unsafe," and was not remedied owing to the defendant's negligence and that of the person in his service intrusted with the duty of seeing that they were in proper condition, is sustained by proof that the failure to remove snow accumulated upon the roof was the chief cause, or one of the causes, of the fall thereof.

TORT for personal injuries occasioned to the plaintiff while employed by the defendants in their tannery. The second count of the declaration, which was framed on the St. of 1887, c. 270, § 1, cl. 1, alleged that the plaintiff, while in the employ of the defendants and in the exercise of due care, "sustained personal injury because of the falling in and upon him of the roof of said tannery and the piping and fixtures connected therewith and placed thereunder. And the plaintiff says that at the time aforesaid the condition of said tannery and the roof thereof was defective and unsafe, and that said defective and unsafe condition of said tannery and roof had not been discovered and remedied owing to the negligence of the defendants and of the person in the service of the defendants intrusted by them with the duty of seeing that said tannery and roof were in proper condition."

Trial in the Superior Court, before *Sherman*, J., who allowed a bill of exceptions, which, so far as material to the points decided, is as follows.

There was evidence that, on March 12, 1888, the plaintiff, while employed by the defendants, in passing through the tannery in going from one job to another in the course of his employment as directed by their foreman, was struck down and injured by the falling upon him of the roof of the building and of a steam-pipe attached to the inner side thereof; and that an accumulation of snow on the roof, which the foreman had negligently failed to remove, caused the roof to fall in.

The plaintiff offered in evidence a notice, directed to the defendants under date of March 28, 1888, which was as follows : " Please take notice that Charles Dolan, of Ayer, Mass., while at work in your employ was injured on the twelfth day of March, A. D. 1888, in the leach-room of your tannery at Ayer, Mass., by reason of the falling in of the roof thereof and the falling of the steam-pipes therein, said roof and said steam-pipes both falling upon said Dolan. Corcoran and Parker, Attorneys for Charles Dolan."

The defendants objected to admission of this notice, because it was not signed by the plaintiff in accordance with the St. of 1887, c. 270, § 3, as amended by the St. of 1888, c. 155. The judge overruled the objection, and the defendants excepted.

The case was submitted to the jury upon instructions, to which no exception was taken. At the close of the charge, the judge said to counsel, " Is there anything that either of you gentlemen have to suggest with reference to what I have said?" The counsel for the defendants replied in the affirmative, and gave to the judge a request for the following instruction : " If the jury find that the building fell on account of the weight of snow upon it, and the defendants were negligent in not shovelling off the same within proper time, the plaintiff cannot recover under the declaration in this case." The judge refused so to rule, and the defendants excepted.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*S. K. Hamilton & W. H. Atwood*, for the defendants.

*J. W. Corcoran & H. Parker*, for the plaintiff.

LATHROP, J.   The defendants objected to the admission in evidence of the notice given to the defendants, because it was not signed by the plaintiff in accordance with the provisions of the St. of 1888, c. 155.   This statute provides that the notice " shall be in writing, signed by the person injured or by some one in his behalf."   The notice is signed " Corcoran and Parker, Attorneys for Charles Dolan."   The defendants contend that the words " Attorneys for Charles Dolan " are only *descriptio personarum*, and that therefore the notice purports to be the act of Corcoran and Parker, and not the act of the plaintiff.

A similar question has often been before this court in actions of contract on written instruments signed by agents; and it has been uniformly held, where the signature is " A., agent for B.," and the name of the principal is correctly given, that the signature is apt to express the fact that the act was done in behalf of the principal.   *Ballou* v. *Talbot*, 16 Mass. 461.   *Rice* v. *Gove*, 22 Pick. 158.   *Jefts* v. *York*, 4 Cush. 371.   *Page* v. *Wight*, 14 Allen, 182.   *Tucker Manuf. Co.* v. *Fairbanks*, 98 Mass. 101, 105.   *Cutler* v. *Ashland*, 121 Mass. 588.   See also *Deslandes* v. *Gregory*, 2 El. & El. 602.   The rule is the same if the instrument is signed, " A., treasurer for B."   *Kingman* v. *Kelsie*, 3 Cush. 339.   An attorney is simply an agent or substitute for another.   It is clear, therefore, that the notice purports to be signed " in behalf " of the plaintiff.

The defendants further contend that there is no evidence to show that the persons signing the notice were authorized to do so.   But the bill of exceptions does not show that there was no evidence on this point, or that the authority of the signers was not conceded.

Again, if we assume that the form of the objection was broad enough to raise the question of the authority of the signers of the notice to act for the plaintiff, and also assume that there was no evidence on this point offered, this was a technical objection which might have been remedied, and which should have been called to the attention of the court.   In *New Hampshire Ins. Co.* v. *Healey*, 151 Mass. 537, 539, it was held that, " where the objection to testimony is merely general, an exception to its admission should not be sustained upon a technical ground not specified at the trial, apparently not in the mind of the court or of the ad-

verse counsel, and which might have been removed if attention had been called to it." The case at bar falls within this rule.

The remaining question is whether there was a variance between the declaration and the proof. The second count of the declaration, on which the case was submitted to the jury, alleged that the injury was sustained "because of the falling in and upon him of the roof of said tannery." It further alleged, that "the condition of said tannery and the roof thereof was defective and unsafe, and that said defective and unsafe condition of said tannery and roof had not been discovered and remedied, owing to the negligence of the defendants and of the person in the service of the defendants intrusted by them with the duty of seeing that said tannery and roof were in proper condition." Under these allegations evidence of the cause of the fall of the roof was clearly competent. If the failure to remove snow from the roof was the chief cause, or one of the causes, of the result, it was competent for the plaintiff to show it.

In *Whitman* v. *Groveland*, 131 Mass. 553, an action was brought against a town for an injury caused by the falling of a span of a bridge over which the plaintiff was travelling; and the notice given to the town, under the St. of 1877, c. 234, stated the cause to be "the breaking and falling of said span." This notice was held sufficient. The court said: "It may have been that the breaking and falling of the span were caused either by the action of the elements, the overloading the bridge by snow and ice, the excessive weight of the planking laid upon it, the insufficient iron-work, or all these combined with other causes. But the plaintiff was not bound to ascertain and notify the defendant to which of these, or whether to all these and other causes, the defect which occasioned his injury was attributable. That of which he had a right to complain was the breaking and falling of the span, if it occurred under such circumstances as would render the defendant responsible."

The same principles apply to the case at bar. The Pub. Sts. c. 167, § 2, cl. 3, requiring the substantive facts necessary to constitute the cause of action to be stated "with substantial certainty, and without unnecessary verbiage," do not require the evidence to be set forth in the declaration. If a declaration does not give a defendant reasonable knowledge of the nature and

grounds of the action, he may apply to the court, by § 61 of the same chapter, for a statement of particulars. The defendants were content to go to trial on the pleadings as they stood; and it was competent for the plaintiff, under his declaration, to show wherein the condition of the roof was defective, and what was the cause of the fall.        *Exceptions overruled.*