COMMONWEALTH *vs.* JOHN J. WALSH & another.

Berkshire.    September 11, 1894. — October 19, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Trial — Charge to Jury — Exceptions.*

If, at the argument of a case, the counsel states the evidence on a certain point differently from what the presiding judge supposes it to be, it is within his province to call the counsel's attention to the fact, and to state what his recollection of it is, and also, in his charge to the jury, to call their attention to the question of what the evidence is, leaving the question to their determination; and such a course is not a charge upon a matter of fact, within the prohibition of Pub. Sts. c. 153, § 5, but merely a reference to the testimony which the judge has a right to make.

If a bill of exceptions in a criminal case states that the presiding judge, in his charge to the jury, said that there was a dispute between the defendant's counsel and the prosecuting attorney as to what the defendant testified on a certain point, and the defendant contends in this court that there is nothing in the bill of exceptions to show that there was any foundation for the statement of the judge, but the bill does not state in terms that there was no such dispute, nor purport to set forth all that was said on the subject by the prosecuting attorney, the defendant shows no ground of exception.

At the trial of an indictment against A. and B. jointly, for breaking and entering a dwelling-house and stealing therein, it appeared that, for several days next prior to that on which the crime was committed, the defendants had been working in a ditch near the house; and there was evidence tending to show that, on the day in question, the defendants saw the occupants of the house after they had left it to go to their work. A. testified that he started to go to work that day. The judge, in charging the jury, instructed them that if A. said that, it was for them to say " whether the defendants did not change their minds about that after they saw " the occupants of the house, " and knew the house was empty." *Held,* that the language of the judge was not open to the objection that the jury were instructed what inference to draw from A.'s testimony; and that the attention of the judge should have been called to the point that the language used by him was not properly applicable to both defendants.

INDICTMENT, against John J. Walsh and Thomas Casey, for breaking and entering the dwelling-house of Simeon B. Small

and George B. Small, on July 26, 1892, at Pittsfield, and steal-
ing therein. Trial in the Superior Court, before *Sheldon*, J.,
who allowed a bill of exceptions, in substance as follows.

The defendants testified, and there was other evidence also
tending to show, that they had, for several days next prior to
the day when the house in question was broken and entered,
worked digging a ditch in Dalton not far from the house. They
also testified that, upon the night next prior to the day when
the house was broken into and entered, they had a fight with
some men in Dalton, in which one of the defendants received
a severe cut on his right hand, and during which the other
defendant hit one of the men with whom they were fighting a
severe blow with a club, knocking him down, when the defend-
ants ran away, leaving the man on the ground; and the defend-
ants gave this as the reason for their leaving their work, and
also trying to avoid the officers on the day when the house was
broken into and entered. Simeon B. Small and his wife testified
to seeing the defendants, on the morning of the day during which
the house was broken into, near the house of one Lamb, which
appeared not to be far from the ditch, where the defendant
Walsh was talking to a lady; and that the defendant Casey
stood some twenty feet away when Simeon B. Small and his
wife were going to their work. The defendants testified that
they did not see Simeon B. Small nor his wife that morning.
George B. Small testified that he was that morning at his work
in that ditch, to which place he walked with Simeon B. and
his wife, and that within three minutes after his brother left
him the defendants came down where he was and said they
were going off to drink. The defendant Walsh testified, on
cross-examination, relative to leaving his boarding place that
morning, and the defendants' counsel contended that he said that
he started to go down to the work, meaning to the place where
he had been at work, and so argued to the jury, and argued that he
did not say that he started to go to work, nor with what purpose
he started to the work; whereupon the judge stated, in presence
of the jury, that his recollection of Walsh's testimony was that
he started to go to work. The district attorney argued to the
jury that the Smalls met the defendants going toward their
house.

The judge, when instructing the jury, said that it was in dispute between the counsel for the defence and the prosecuting attorney as to what Walsh had said; that his recollection was that Walsh had said that he started from the house to go to work, and, if he said that, it was for them to say whether the defendants did not change their minds about it after they saw the Smalls and knew the house was empty, and after they left their house to go to work on the ditch; and that the jury must give no more weight to the statement of the judge as to what the evidence was than they would to the statement of the defendants' counsel or of the district attorney, but must give no weight to either, and must rely on their own recollection of what the evidence was.

The jury returned a verdict of guilty against each defendant; and the defendants alleged exceptions.

*W. Turtle,* for the defendants.

*C. L. Gardner,* District Attorney, for the plaintiff.

LATHROP, J. The defendants contend that the provisions of the Pub. Sts. c. 153, § 5, were violated by the justice who presided at the trial in the Superior Court, and that they are therefore entitled to a new trial. This section is as follows: " The courts shall not charge juries with respect to matters of fact, but may state the testimony and the law." It was undoubtedly within the province of the presiding justice, if the defendants' counsel in his argument stated the evidence differently from what the justice supposed it to be, to call his attention to the fact, and to state what his recollection of it was. He could also in the charge to the jury call their attention to the question of what the evidence was, leaving the question to their determination. This is what was done in this case, and the defendants have no ground of exception. It was not a charge upon a matter of fact, but merely a reference to the testimony which the justice had a right to make. *Eddy* v. *Gray,* 4 Allen, 435, 438. *Durant* v. *Burt,* 98 Mass. 161, 168.

It is further contended that there is nothing in the bill of exceptions to show that there was any foundation for the statement of the justice that there was a dispute between the counsel for the defendants and the prosecuting attorney as to what the defendant Walsh testified. The bill of exceptions, however,

does not state in terms that there was no such dispute, nor does it purport to set forth all that was said on the subject by the attorney for the Commonwealth. The defendants, therefore, show no ground of exception.

The further contention is twofold in its character. It is said that the justice had no right to instruct the jury what inference was to be drawn from the testimony, assuming it to be as the government contended, and that in any event the testimony of Walsh as to his intention could not bind the other defendant. The language of the court is not, however, open to the objection that the jury were instructed what inference to draw. They were merely told, in effect, that it was for them to say whether they would draw a certain inference, if it seemed a proper one for them to draw. See *Commonwealth* v. *Clifford,* 145 Mass. 97 ; *McKean* v. *Salem,* 148 Mass. 109; *Commonwealth* v. *Keenan,* 148 Mass. 470. No doubt, as the defendants contend, if Walsh changed his intention, this would not tend to show that the other defendant changed his intention; but the objection was a general one, and the attention of the judge should have been called to the point that the language used by him was not properly applicable to both defendants. *New Hampshire Ins. Co.* v. *Healey,* 151 Mass. 537. *Dolan* v. *Alley,* 153 Mass. 380.

*Exceptions overruled.*