## John F. Haines, Appellant, v. Barclay Township.

181    521
24 SC ¹517

*Negligence—Townships—Obstruction of highway—Act of June* 13, 1836.

The duty to keep a highway clear of impediments to travel thereon, as provided by the Act of June 13, 1836, section 6, P. L. 556, does not include the power to enter upon the land of an abutting owner and to destroy, remove, or prevent the use of structures he has erected there for the prosecution of a legitimate business.

In an action against a township to recover damages for personal injuries, it appeared that while the plaintiff was driving along a public road at or near a point where there was a log slide located and terminating on land outside of the highway, he noticed that several logs were coming down the chute, and being apprehensive of injury from them he leaped in the direction he was driving, from his buggy to the ground, and was thereby injured. The evidence showed that if he had remained in the buggy he would not have been injured. There was good cause for the apprehension which impelled plaintiff to leap to the ground, as on other occasions logs had passed from the chute across the highway, and some had fallen in it. *Held*, that the township was not liable for the injury.

Argued March 16, 1897. Appeal, No. 10, Jan. T., 1897, by plaintiff, from judgment of C. P. Bradford Co., May T., 1892, No. 502, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, and DEAN, JJ. Affirmed.

Trespass for personal injuries.   Before DUNHAM, P. J.
The facts appear by the opinion of the Supreme Court.
The court gave binding instructions for defendant.
Verdict and judgment for defendant.

*Error assigned* among others was above instruction.

*Wm. Maxwell*, for appellant.—The township was negligent:
Jackson Twp. v. Wagner, 127 Pa. 184; Drew v. Town of Sutton, 55 Vt. 586; Pittston Boro. v. Hart, 89 Pa. 389; Harris v.
Inhabitants of Newbury, 128 Mass. 321; Langan v. City of
Atchison, 35 Kan. 318; 9 Am. & Eng. Ency. of Law, 384;
Plymouth Twp. v. Graver, 125 Pa. 24.

What is or is not negligence in a particular case is generally
a question for the jury: Neslie v. Ry. Co., 113 Pa. 300; North
Manheim Twp. v. Arnold, 119 Pa. 380.

*Edward Overton*, for appellee.—The township was not guilty
of negligence: Norristown v. Moyer, 67 Pa. 355; Rapho Twp.
v. Moore, 68 Pa. 404; Dillon on Mun. Corp., sec. 1003; Keith
v. Easton, 2 Allen, 552; Davis v. Bangor, 42 Me. 522; 9 Am.
& Eng. Ency. of Law, 384; Mattimore v. Erie, 144 Pa. 14;
Barber v. Roxbury, 11 Allen, 318; French v. Brunswick, 21
Me. 29; Goodin v. DesMoines, 55 Ia. 67; Schultz v. Milwaukee,
49 Wis. 254; Goetz v. Borough of Butler, 1 Cent. 592; James
v. Harrodsburg, 85 Ky. 191; Watkins v. County Court, 30
W. Va. 657; McDade v. City of Chester, 117 Pa. 415; Kies v.
City of Erie, 135 Pa. 144; Grant v. City of Erie, 69 Pa. 420;
McLoughlin v. Philadelphia, 142 Pa. 80; Heidenwag v. Phila.,
168 Pa. 72.

OPINION BY MR. JUSTICE McCOLLUM, May 27, 1897:

This suit was brought against Barclay township to recover
damages for an injury which the plaintiff attributes to the negligence of the defendant.   On the trial of it, the court instructed
the jury to find for the defendant on the ground that there was
no evidence or offer of evidence on which the township could
be held responsible for the injury.   It seems that while the
plaintiff was driving along a public road in the township at or
near the point where there was a log slide or chute located and

terminating on land outside of the highway, he noticed that several logs were coming rapidly down the chute, and being apprehensive of injury from them he leaped, in the direction he was driving, from his buggy to the ground. The leap from the buggy was the immediate cause of the injury received. His offers of evidence show that if he had remained in the buggy he would not have been injured, but they also show that there was good cause for the apprehension which impelled him to leap from it. The end of the chute next to the highway was fifty-eight feet from the center of the same. The chute was constructed for the purpose of bringing the logs down the hillside to the sawmill adjacent to the highway. The builders of the chute evidently supposed that the space between the lower end of it and the road was sufficient for the reception and retention of the logs without encroaching on the highway or interfering with travel upon it. According to the offers of evidence however, this supposition was not well grounded, because they showed that some of the logs had passed from the chute across the highway and that others had fallen in it. The plaintiff also offered to show that the township was cognizant of these occurrences prior to the casualty in question. It follows from the offer that there was negligence in the location, construction or operation of the chute. This was primarily the negligence of the parties who built and operated it. When and how did it become the negligence of the township? As we understand the plaintiff's contention, it is that the township having knowledge of the existence of the chute and of the dangers incident to the operation of it for the purpose for which it was built, should have destroyed it or taken measures to prevent the use of it where and as it was. To sustain this contention it is necessary to point to the statute which authorizes the township through its officers to do these things. If a statutory warrant for such action cannot be found, on what principle can the township be charged with negligence in refraining from it? The appellant cites and appears to rely upon section 6 of the act of June 13, 1836, as furnishing the requisite warrant for his contention. We cannot so construe it.

The duty to keep the highway clear of impediments to travel thereon does not include the power to enter upon the land of an abutting owner and to destroy, remove, or prevent the use

of structures he has erected there for the prosecution of a legitimate business. The appellant also cites, as authority for his contention: Pittston Boro. v. Hart, 89 Pa. 389, Neslie and Wife v. Railway Co., 113 Pa. 300, North Manheim Township v. Arnold, 119 Pa. 388, Plymouth Township v. Graver, 125 Pa. 24, and Jackson Township v. Wagner, 127 Pa. 184. A careful examination of these cases fails to disclose any recognition by either of them of a power in the municipality like the power which the plaintiff claims was vested in and should have been exercised by the defendant. There is not even a suggestion in any of them that the township authorities may enter upon land outside of the highway and erect barriers there, or remove or prevent the use of structures placed there by the owner. In Drew v. Town of Sutton, 55 Vermont, 586, cited by the appellant, the court held that "a town may be liable for an injury sustained by a traveller on a highway by driving off a steep and unguarded embankment six inches outside of the highway, in the dark, the highway being brought up to that point." Harris v. Inhabitants of Newbury, 128 Mass. 321, was a case in which "the land immediately outside of the highway fell off so precipitously that there was such risk of a traveler using ordinary care in passing along the road being thrown or falling into a dangerous place that a railing was necessary to make the way safe and convenient." In Goodin v. Des Moines, 55 Iowa, 67, the court said: "The city has full and complete control of the streets, and may excavate or fill up the same at its pleasure, but in doing so it cannot encroach on private property for the purpose of erecting barriers, or any other purpose." In Hebbard v. Town of Berlin, 32 Atl. Rep. 229, the plaintiff was driving along a highway when his horse became frightened by an engine owned by a private corporation and stationed near but wholly without the limits of the highway, and concealed from view to persons going in that direction; plaintiff's vehicle was injured in a collision with another going in the opposite direction; held, that the location of the engine was not a defect in the highway which rendered it unsuitable for travel, and which the township was obliged to remove or guard against. In James v. Harrodsburg, 85 Ky. 191, it was held that one, who in passing along the street of a town is injured by falling stone the result of blasting by a citizen on his private property,

has no cause of action against the town for its failure to abate the nuisance. Further citation of cases pertinent to the question under consideration is not deemed necessary. We must look to the statute for the power and duty of the municipalities in the construction and maintenance of the highways. If the power to erect a barrier outside of the highway is not conferred by the statute, the municipality is not liable to a traveler on the highway for an injury received because of the absence of such a barrier. If it is not authorized to remove or prevent the operation of structures erected on such land for the prosecution of a legitimate business, it is not responsible for an injury caused by the negligent location, construction or operation of such structures.

For the reasons above stated we sustain the ruling of the court below.

Judgment affirmed.