ELIZABETH J. MURPHY *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   October 4, 1954. — December 30, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Notice.   Way,* Public: defect. *Corporation,* Whether a "person." *Words,*
   "Person."

A railroad corporation is a "person" within the phrase "person by law
   obliged to keep ˙. . . [a] way in repair" in G. L. (Ter. Ed.) c. 84, § 18,
   as appearing in St. 1933, c. 114, § 1, and is entitled to notice under
   that section.
A notice given by a woman to a railroad of an injury at a grade cross-
   ing, stating that as she "was crossing . . . [the] tracks . . . [she]
   caught . . . [her] foot in some manner . . . [and] fell for-
   ward . . . . [She] did catch . . . [her] heel in the rail somehow,"
   sufficiently stated the "cause" of her injury to comply with G. L.
   (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, whether
   or not it set forth an actionable defect.

TORT.   Writ in the Superior Court dated May 31, 1950.

A verdict for the defendant was ordered and the action
reported by *Dowd,* J.

*Herbert S. Avery,* for the plaintiff.

*George W. McLaughlin,* for the defendant.

LUMMUS, J.   In this action of tort for personal injuries
sustained by a fall on High Street in Medford where that
street crosses the tracks of the defendant, the only ques-
tion before us is the sufficiency of a notice given by the
plaintiff.

By G. L. (Ter. Ed.) c. 84, § 18, as it appears in St. 1933,
c. 114, § 1, the plaintiff was required within thirty days to
give to the "person" obliged by law to keep the way in re-
pair, notice, among other things, of the "cause" of her in-
jury.   The defendant corporation was a "person" entitled
to notice under that section.   *Dickie* v. *Boston & Albany
Railroad,* 131 Mass. 516.   *Hurlburt* v. *Great Barrington,* 300
Mass. 524, 526.   The purpose of requiring notice is to enable

the defendant to investigate the occurrence and to determine whether it is liable. *Miller* v. *Springfield,* 177 Mass. 373, 376. *Carey* v. *Malley,* 327 Mass. 189, 193. *Rooney* v. *Ludlow Mfg. & Sales Social & Athletic Club, Inc.* 330 Mass. 340, 342.

Within the prescribed time, the plaintiff gave a notice to the defendant with respect to her injury sustained on April 2, 1949. The only statement of cause was as follows. "As I was crossing first set of tracks, I caught my right foot in some manner. I fell forward landing on both knees . . . . I have been over this crossing many times and am very familiar with it. It was in the same condition as it always has been as far as I could tell. I have not any fault to find with its condition. I did catch my heel in the rail somehow." Nothing in the notice indicated any defect in the crossing.

In *Carey* v. *Malley,* 327 Mass. 189, 192–193, it was said that "There is no merit in the defendant's contention, for which no authority is cited, that the cause set forth in the notice must show not only the actual physical cause of the injury but also that this cause is one which will support in law a cause of action." In the present case the cause of the injury was stated in the following words. "As I was crossing first set of tracks, I caught my right foot in some manner. I fell forward landing on both knees . . . . I did catch my heel in the rail somehow." We think that the cause was sufficiently stated, that the plaintiff caught her heel in the rail and fell. It was not necessary that the notice contain a claim for damages or threat of action. *Laskowski* v. *Manning,* 325 Mass. 393, 400.

In *Merrill* v. *Paige,* 229 Mass. 511, a notice that the plaintiff fell because of "the icy condition of the sidewalk" was held a compliance with a statute requiring notice of the cause of the injury. In *Bailey* v. *Everett,* 132 Mass. 441, a notice that the plaintiff was thrown into a ditch because the defendant did not keep the street in repair was held a statement of the cause. In *Whitman* v. *Groveland,* 131 Mass. 553, a notice that the injury was caused by the breaking and falling of a span of a bridge was held a sufficient statement

of the cause. In *Dalton* v. *Salem,* 136 Mass. 278, a notice that the plaintiff's fall was caused by the icy and slippery condition of the sidewalk was held a proper statement of the cause.

If there is anything in *Pecorelli* v. *Worcester,* 307 Mass. 425, inconsistent with the present decision, we do not follow it. The notice in the present case, we hold, complied with the statute. It may be that in the notice the plaintiff admitted that there was no defect in the crossing. But such an admission does not bind her. However it may affect her at the trial, it does not make her notice defective, and is immaterial to the question before us.

The verdict for the defendant is set aside, and the case is to stand for trial.

*So ordered.*