HARRIET A. GAY *vs.* CITY OF CAMBRIDGE.

Middlesex. Jan. 13. — Feb. 27, 1880. COLT & LORD, JJ., absent.

The notice required by the St. of 1877, c. 234, to be given to a city or town by a person injured by a defect in a highway, is a condition precedent to the plaintiff's right to maintain an action therefor, and cannot be waived by the city or town.

TORT for personal injuries occasioned to the plaintiff, on December 28, 1877, by a defect in a highway in the defendant city. Answer, a general denial. At the trial in the Superior Court, before *Colburn,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which are stated in the opinion.

*S. J. Thomas,* for the plaintiff.

*J. W. Hammond,* for the defendant.

MORTON, J. The statute in force at the time the plaintiff's alleged cause of action accrued requires that any person injured by a defect in a highway shall within thirty days thereafter give notice, to the city or town by law obliged to keep said highway in repair, of the time, place and cause of the injury, unless from physical or mental incapacity it is impossible for the person injured to give such notice, in which case he may give notice within ten days after such incapacity is removed. St. 1877, c. 234. This notice is a condition precedent to the right to maintain an action against the city or town.

It appeared at the trial of this case that the plaintiff gave no notice to the city of her injury until more than thirty days had elapsed; and the jury have found, under instructions not excepted to, that there was no physical or mental incapacity which excused her from giving such notice. It follows that she cannot

maintain her action. *Kenady* v. *Lawrence, ante,* 318. *Harris* v. *Newbury, ante,* 321.

It appeared in evidence that, about sixty days after the injury, the plaintiff gave notice thereof to the city, which notice was by the city council referred to a committee, who, as she contended, had full powers to settle with her, and the committee had negotiations with her as to a settlement, and made no objections as to the time when the notice was given. She contended, and asked the court to rule, that it was competent for the city to waive the statute notice in respect of time, and that such waiver might be inferred from the facts and circumstances in the case. The court rightly refused this ruling. The liability of cities and towns for defects in highways is created entirely by statute, and it cannot be extended by agreement of the city or town or its officers beyond the limits of the statute.

In this case, the plaintiff failed to give the notice which was a condition precedent to her right to maintain an action against the city. No liability ever attached against the city, and it was not within the power of the city council, or of its committee, to create a liability by any agreement or waiver. It is not necessary to consider whether, if there had been such power, the evidence would warrant the jury in finding a waiver.

*Exceptions overruled.*