## JAMES MOONEY *vs.* CITY OF SALEM.

Essex.  Nov. 5, 1880. — Feb. 25, 1881.  ENDICOTT & FIELD, JJ., absent.

In an action against a city for personal injuries occasioned by a defect in a high-way, there was evidence that, on the day of the accident, a police officer of the defendant, in the performance of what he supposed to be his duty, called on the plaintiff, who, under the supposition that the officer had called on him in behalf of the city for the purpose of learning and reporting the facts, and with the intention that the same should be reported by him to the officials of the city, informed him of the time, place and cause of the injury, but said nothing to indicate that the statement was intended as a notice for the purpose of fixing his right of action, or that he claimed or expected compensation from the city. This statement was reported by the officer at the police station on the same day. *Held,* that there was not sufficient evidence of a notice under the St. of 1877, c. 234.

TORT for personal injuries occasioned to the plaintiff, on February 28, 1879, by a defect in a highway in the defendant city. Answer, a general denial. The case was referred to a referee, who reported the following facts:

"The only notice given by the plaintiff of the injury was a verbal statement made to one Averill, a police officer of the city, who called upon the plaintiff on the day of the accident, and, in pursuance of what he deemed a part of his official duty, (to report at the police station all accidents and unusual occurrences,) obtained from the plaintiff a statement of the facts concerning the accident, and reported the same at the station on his next return thereto, some time during the same day. This statement by the plaintiff was full and sufficient as to the time, place and cause of the injury, and was made under the supposition, on the part of the plaintiff, that the officer had called upon him in behalf of the city for the purpose of learning and reporting the facts, and with the intention on the part of the plaintiff that the same should be reported by him to the proper officials of the city; but nothing was said to indicate that it was intended as a notice for the purpose of fixing the plaintiff's right of action, or that he claimed or expected compensation from the city; and nothing was said by either of them as to the purpose of the officer in calling to get information about the matter, or of the use he proposed or was expected to make of it. The plaintiff knew that notice was required in such cases, and

subsequently made no attempt to give further or other notice, because he supposed he had given sufficient notice; and it did not appear at what time he first determined that he had or would make a claim upon the city for compensation."

If, in the opinion of the court, there was sufficient notice under the statute to enable the plaintiff to maintain his action, the referee awarded that he should recover judgment for $375 and costs; otherwise, the defendant should have judgment without costs.

The award was returned to the Superior Court, and each party contended that he was entitled to judgment upon it. *Gardner*, J. found for the defendant; and reported the case for the consideration of this court, according to whose opinion judgment was to be entered.

*W. D. Northend*, for the plaintiff.

*J. A. Gillis*, for the defendant.

SOULE, J. The plaintiff failed to give the notice required by the statute. In his conversation, he failed to say anything which indicated that he intended that what he told the officer in answer to inquiries should be received as the notice which the statute requires. Under these circumstances, the fact that he intended that what he said should be reported to the officials of the city, does not aid him. He failed to make known any purpose of the sort. The further fact, that the officer called on him, in the performance of a real or supposed duty, to learn the facts and report them at the police station, does not affect the rights of the parties. Knowledge on the part of the officer or of the city authorities is not equivalent to, nor a substitute for, the notice required by the statute as a prerequisite to the right of action. St. 1877, *c.* 234. The case is clearly within the doctrine of *Kenady* v. *Lawrence*, 128 Mass. 318, *McNulty* v. *Cambridge*, *ante*, 275, and *Miles* v. *Lynn*, *ante*, 398. According to the terms of the report, there must be

*Judgment for the defendant.*