MAURICE HEALEY *vs.* GEORGE F. BLAKE MANUFACTURING COMPANY.

Suffolk.    November 12, 1901. — January 3, 1902.

Present: HOLMES, C. J.; KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Negligence,* Fellow Servant, Employers' liability act, Statutory notice.

At common law a workman in a factory injured in consequence of obeying an order of a competent superintendent has no remedy.

A notice by the employee of a foreign corporation of the time, place and cause of an injury served upon the commissioner of corporations who sends a copy of it within thirty days of the happening of the accident to the corporation which has made him its attorney upon whom legal process may be served under the provisions of St. 1884, c. 330, is not a notice to the corporation within § 3 of the

employers' liability act requiring such a notice to be given to the employer within thirty days. St. 1884, c. 330, was not intended to aid in the creation of rights of action, but merely in the enforcement of those already existing.

TORT by an employee in a pump factory against his employer for injuries caused by the fall of a sled which was being hoisted by a derrick, while the plaintiff was sitting on the sled to balance it by order of one Johnson, a superintendent of the defendant, the first count being at common law and three others under the employers' liability act. Writ dated March 18, 1899.

At the trial in the Superior Court, before *Maynard*, J., it appeared, that the defendant was a corporation organized under the laws of New Jersey, that the defendant had executed a power of attorney, as required by St. 1884, c. 330, appointing the commissioner of corporations its attorney, upon whom all lawful processes in any action or proceeding against the corporation in this Commonwealth might be served; that a notice of the time, place and cause of the injury, as required by St. 1887, c. 270, § 3, was served by the plaintiff upon the commissioner of corporations, and the commissioner sent to the defendant a copy of this notice within thirty days of the happening of the accident in the manner stated in the opinion of the court. This was the only notice given within the thirty days.

At the close of the evidence, the plaintiff elected to go to the jury upon the third count, alleging negligence on the part of the defendant's superintendent, and upon the first count at common law, alleging negligence on the part of the defendant in setting the plaintiff to work in a dangerous place without warning him of the dangers to which he was exposed. The judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*P. M. Keating*, for the plaintiff.

*C. Reno*, for the defendant.

HAMMOND, J. 1. So far as respects the count at common law, Johnson must be regarded as the fellow servant of the plaintiff, and since the only negligence, if any there was, was that of Johnson in ordering the plaintiff to get upon the sled and balance it while it was being hoisted, and there is no evidence that he was an incompetent man, the action upon this count cannot be maintained. *Moody* v. *Hamilton Manuf. Co.*, 159 Mass. 70, and cases cited.

2. As to the count under the employers' liability act, it was agreed at the argument before us that the ruling of the trial judge was made upon the ground that the evidence would not warrant a finding that the notice as to the time, place and cause of the injury had been given as required by statute. There was evidence tending to show that the attorneys for the plaintiff made out and signed in his behalf a notice, and that one Green, a constable of the city of Boston, in behalf of the plaintiff and at the request of the attorneys, delivered the notice to the commissioner of corporations, at his office; that at the time of the delivery the commissioner asked Green for a printed blank such as the attorneys aforesaid used in drafting such notices, in order that he, the commissioner, could fill it out and mail it to the defendant; and that, on Green's replying that he had none, he asked Green to pay him $2 for making and mailing to the defendant a copy of the notice, and that Green paid him that amount. It was agreed that this notice was proper in form, and that the commissioner forthwith delivered an exact copy of the same to the defendant, which the defendant received within thirty days of the accident and before the date of the writ. It further appeared that the commissioner at the same time with this copy of the notice sent to the defendant a letter, in which he stated that " You are hereby notified that legal process against your company has this day been served upon me, viz.: — Notice of Injury," adding that the plaintiff was Maurice Healey and the defendant was the defendant company, that the injury as stated in the notice was on February 20, 1899, " by fall of a pung or sled on premises situate on Third Street, Fifth Street and Binney Street, in the City of Cambridge." The question upon this part of the case is whether in all this there is evidence to warrant a finding that the statutory notice was given to the defendant.

St. 1887, c. 270, commonly called the employers' liability act, provides that " no action for the recovery of compensation for injury or death under this act shall be maintained, unless notice of the time, place and cause of the injury is given to the employer within thirty days " from the accident causing the injury. § 3. This notice is similar to that required in the case of injuries received by reason of defects in highways, and is a condition precedent to the right of action. It is not simply one of the

steps in enforcing a right of action already existing, but is the last circumstance necessary to the creation of such right. The liability is not complete until the notice is given. Being a condition precedent to the right of action, it must precede the writ. *Veginan* v. *Morse*, 160 Mass. 143, and cases cited. It is held that such a notice cannot be waived by a city or town so as to create a liability under the highway acts. *Gay* v. *Cambridge*, 128 Mass. 387. Moreover it can be given to the defendant wherever he can be found, whether within or without the State, and by the person injured or by any person in his behalf. It emanates from no court, is not dependent for its validity upon the action of any court, and is no part of any proceeding of a court for the purpose of getting jurisdiction over the defendant, or for any other purpose. It is simply a notice given *in pais* from one party to another, for the purpose of fixing a liability which otherwise would not arise to the dignity of a cause of action.

The purpose of St. 1884, c. 330, was to enable the courts of this State to render against a foreign corporation doing business here a general judgment which would be valid in other jurisdictions. "Lawful processes in any action or proceeding" manifestly refers to process emanating from court, or by the authority of a court, and cannot be understood to refer to such acts or notices *in pais* between private parties as derive no authority from a court, but simply serve to create a right of action. Bouvier's Law Dictionary, Titles "Process," "Proceeding." Pub. Sts. Glossary, "Process." The statute was not needed, nor was it intended to aid in the creation of rights of action, and its operating force does not begin until the right exists and is to be enforced. If it be said that the notice is given for the purpose of enforcing a right which, although not yet complete, is so far inchoate as to be beyond the power of the person against whom it may be enforced when made complete, it may be answered that such is the liability of an indorser upon a note, or any other contingent liability which depends upon an option to be exercised and made known by notice, as in the case of an agreement to renew a lease. To construe the statute as referring to any notice of that kind would be extending it far beyond its scope. It must be held therefore that notice to the commissioner is not notice to the corporation.

It is contended however by the plaintiff that by reason of the subsequent proceedings above recited, the jury might find that the defendant was duly notified, but this does not seem to us sound. The notice given to the commissioner was not sent by him but, so far as appears, remained on the files of his office. It is true that he sent a copy of it to the defendant, but he did this not as the agent of the plaintiff nor indeed as the agent of the defendant, but only as a public officer, acting in the discharge of a supposed public duty imposed upon him by the statute, (St. 1884, c. 330, § 2,) and the evidence would not warrant a finding to the contrary. Since he was not in fact an agent of either party, and did not act or intend to act as such, the plaintiff cannot now, on the ground of attempted or intended agency, ratify the act as his or hold the defendant as though it were its act.

*Exceptions overruled.*