Rockingham,
Dec. 2, 1930.

EMILE H. POIRIER *v.* EAST COAST REALTY CO.

*Sewall & Waldron* (*Mr. Sewall* orally), for the plaintiff.

*Conrad E. Snow* and *Thornton L. Lorimer* (*Mr. Snow* orally), for the defendant.

MARBLE, J. Before the plaintiff could acquire a valid and enforceable lien it was necessary for him to give written notice of his claim to the defendant or to some person having charge of the defendant's property. P. L., c. 217, s. 15. Although Benoit, as contractor, had supervision over the construction of the building, it does not appear that he was in charge of the property. Neither does it appear that he was the defendant's expressly authorized agent, or that the defendant had ever held him out to the public as such. Unless, therefore, he had authority to represent the corporation either by statute or by virtue of his official connection therewith, the notice which the plaintiff gave him was ineffectual to bind the defendant.

The plaintiff argues that section 13 of chapter 331 of the Public Laws, providing that service of writs against a corporation may be made upon one of its directors, is here applicable. While it is true that a sub-contractor cannot secure a lien except by giving notice in the statutory mode (*Eastman* v. *Newman*, 59 N. H. 581), this does not mean that the notice is in any sense the beginning of the sub-contractor's suit.

A writ is a mandatory precept issuing from a court of justice. A notice under P. L., c. 217, s. 15, is merely a statutory method of protecting property-owners and sub-contractors. *Janvrin* v. *Powers*, 79 N. H. 44, 48; *Boulia-Gorrell &c. Co.* v. *Company*, ante, 174, 176. As is said of an employee's notice of injury under the provisions of the Massachusetts employers' liability act: "It emanates from no court, is not dependent for its validity upon the action of any court, and is no part of any proceeding of a court for the purpose of getting jurisdiction over the defendant, or for any other purpose. It is simply a notice given *in pais* from one party to another, for the purpose of fixing a liability which otherwise would not arise to the dignity of a cause of action." *Healey* v. *Company*, 180 Mass. 270, 273.

Ordinarily in giving any statutory notice the requirements of the statute must be strictly observed. *Sowter* v. *Grafton*, 65 N. H. 207; *Whitcher* v. *Benton*, 48 N. H. 157, 160. We therefore conclude that the statute relating to the service of writs cannot be successfully invoked in the plaintiff's behalf.

Nor did Benoit merely by virtue of his office as director have power

to bind the corporation. *Hilliard* v. *Railroad*, 77 N. H. 129, 132, and cases cited. "Directors are, it is true, possessed of extensive powers . . . but these powers reside in them as a board and not as individuals, and only when acting as a board in their collective capacity are they the representatives of the corporation." 2 Mechem, Agency (2d *ed.*), s. 1851. "They may confer on one of their associates a special or general authority, or, without their action, the corporation may make one of their directors a special or general agent by their course of dealing, and by holding him out to the world as such. In the absence of such authority, a director cannot by his individual action bind or affect the rights of the corporation. Notice to him is not in law notice to the corporation." *Buttrick* v. *Railroad*, 62 N. H. 413, 418.

In brief, a corporation is not affected by a director's knowledge unless the corporation moves "in the business to which the knowledge is material through the agency of such director acting either alone or as one of the board." *Ib.* See also *Edelstone* v. *Company, ante*, 315; 7 R. C. L. 655, 656; 4 Fletcher, Cyc. Corp., 3461.

The fact that Benoit was also an owner of stock in the realty company does not change the result. He was not the sole owner. "The stockholders of a corporation, as such, are in no sense the agents of the corporation. They may, of course, be invested, like other individuals, with representative powers by the corporation, and would in that event be treated like other agents; but their mere position as stockholders gives them no such authority. Notice to one or a part of the individual stockholders is, therefore, not notice to the corporation unless actually communicated to it." 2 Mechem, Agency (2d *ed.*), s. 1854.

Since there is no intimation in the reserved case that Benoit possessed any authority other than that which his office as director implied, there is no occasion for discussing the defendant's contention that a principal will not be charged with notice of any knowledge acquired by his agent which it is to the agent's advantage to conceal or which he has acquired while performing an independent fraudulent act. *Brookhouse* v. *Company*, 73 N. H. 368, 374; 2 Mechem, Agency (2d *ed.*), s. 1815. For the same reason it is unnecessary to decide whether the fiduciary relation of the directors to the corporation was such as to preclude them from conferring upon Benoit the authority which an individual may confer upon an interested agent (*Wilson* v. *Atwood*, 81 N. H. 61, 63). See *Pearson* v. *Railroad*, 62 N. H. 537; *Hilliard* v. *Railroad*, 77 N. H. 129, 132; *Mica Products*

464

*Co.* v. *Heath*, 81 N. H. 470; 1 Morawetz, Private Corporations, *ss.* 517-521.

*Judgment for the defendant.*

Snow, J., did not sit: the others concurred.