JOHN F. BROCKLESBY, administrator, *vs.* CITY OF NEWTON.

SAME *vs.* SAME.

Middlesex.    December 4, 1935. — March 3, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Way*, Public: defect. *Notice. Waiver. Practice, Civil*, Admission of facts by counsel. *Evidence*, Admissions. *Attorney at Law. Municipal Corporations*, Officers and agents.

An admission, by counsel for a municipality in open court at the trial of an action against it under G. L. (Ter. Ed.) c. 84, § 15, that the notice required by § 18 had been given, is binding upon the defendant for that trial; such an admission is not an attempted waiver of the statutory requirement.

Two ACTIONS OF TORT. Writs in the District Court of Newton dated July 11 and October 8, 1934, respectively.

The actions were heard together by *Lynch*, J. There were findings for the plaintiffs in the sums of $1,000 and $3,500, respectively. A report to the Appellate Division for the Northern District was ordered dismissed. The defendant appealed.

*E. O'H. Mullowney*, for the defendant.

*B. F. Thornburg*, for the plaintiff.

QUA, J. These are actions for the conscious suffering and death of the plaintiff's intestate, alleged to have resulted from a defect in a highway.

The only questions before us arise from the refusal of the judge to grant rulings requested by the defendant in each case to the effect that the statutory notice given by the plaintiff to the defendant of the time, place and cause of the injury was inadequate. On the first day of the trial, and again during the final arguments, colloquies took place between counsel and with the court, from which the judge was well justified in concluding that the defendant admitted that a sufficient notice had been given and that there was no question of notice in the case.

After what had taken place there was no error in refusing requests for rulings attacking the notice. It is true that the giving of the notice in cases within the statute is one of the facts required to create a cause of action. If it is not given, no cause of action arises. For this reason it has been held that the city or town cannot waive the notice. *Gay* v. *Cambridge*, 128 Mass. 387. This means that there can be no waiver out of court which dispenses with the necessity for giving the notice. It does not bear upon the conduct of a trial in court by an attorney representing the municipality. It does not make it necessary for the plaintiff to prove the giving of a sufficient notice, when that fact is admitted in court by the defendant. It does not prevent the defendant from admitting in court the fact that notice has been given or from stating or agreeing in court that no issue exists as to that fact, just as it might admit, state or agree that the way in question was a pub-

lic way or that the plaintiff was injured while travelling
upon it, or as to the truth of any other fact which is a
necessary part of the plaintiff's case. This is not waiving
a condition precedent. It is a method of establishing facts.
Nothing is more common in practice or more useful in
dispatching the business of the courts than for counsel to
admit undisputed facts. Their clients, including munici-
pal corporations, are bound by such admissions. *Lewis* v.
*Sumner,* 13 Met. 269. *Central Bridge Corp.* v. *Lowell,* 15
Gray, 106, 128. *Savage* v. *Blanchard,* 148 Mass. 348. *Bos-
ton Electric Co.* v. *Cambridge,* 163 Mass. 64, 68. *McMahon*
v. *Lynn & Boston Railroad,* 191 Mass. 295, 299. *Mercier*
v. *Union Street Railway,* 230 Mass. 397, 406. *Graustein* v.
*H. P. Hood & Sons, Inc.* 293 Mass. 207, 217. *Oscanyan* v.
*Arms Co.* 103 U. S. 261, 263. In *Lewis* v. *Sumner,* cited
above, as in this case, counsel had admitted the giving of an
adequate statutory notice which was essential to the plain-
tiff's recovery.

  *Brown* v. *Winthrop,* 275 Mass. 43, at page 47, is distin-
guishable from the present case. In that case the town, at
a former trial, admitted the giving of the notice, and this
court, in reviewing that trial, treated that fact as thereby
established. *Brown* v. *Winthrop,* 270 Mass. 322, 324. But·
before the beginning of the second trial, counsel for the
town informed counsel for the plaintiff that he would re-
quire proof of notice, and this court held that the actual
giving of the notice could not be waived and that under
the circumstances the admission at the first trial that notice
had been given was not binding at the second trial. See
*Cadigan* v. *Crabtree,* 192 Mass. 233, 241; *Perry* v. *Simpson
Waterproof Manuf. Co.* 40 Conn. 313; *Holley* v. *Young,* 68
Maine, 215; *Currie* v. *Cleveland,* 108 Maine, 103; *Morri-
son* v. *Montgomery,* 105 Kans. 430; *Paine* v. *Chicago &
North Western Railway,* 217 Wis. 601; *Johnston* v. *Cor-
nelius,* 200 Mich. 209, 213; *Stemmler* v. *Mayor, Aldermen
& Commonalty of New York,* 179 N. Y. 473, 481. In the
cases at bar the very trial here under review proceeded
upon the theory that notice had been admitted. Doubt-
less counsel for the plaintiff and the judge acted in reli-

ance upon that admission. At the close of the trial it was too late to question the notice.

We have not found it necessary to pass upon various contentions not herein mentioned.

*Order dismissing report affirmed.*