FLORENCE GEORGE *vs.* CITY OF WORCESTER.

Worcester. September 25, 1950. — November 9, 1950.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Way,* Public: defect. *Notice.*

Omission of a statement of the place of residence of the injured person in a notice of injury through an alleged defect in a public way given to a city by an attorney in behalf of the injured person under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, was an invalidity in the notice which, without a counter notice having been given under § 20, as appearing in St. 1933, c. 114, § 3, and as amended by St. 1939, c. 147, might be relied upon by the city to defeat an action for such injury where it appeared that a statement of the place of residence or business address of the attorney was also omitted from the notice.

TORT. Writ in the Superior Court dated April 24, 1947. The action was tried before *Hudson*, J.

In this court the case was submitted on briefs.

*Nunziato Fusaro & Nicholas Fusaro*, for the plaintiff.

*H. P. Grady*, Assistant City Solicitor, for the defendant.

COUNIHAN, J. The plaintiff excepted to the action of the judge in entering a verdict for the defendant under leave reserved, after the jury had returned a verdict for the plaintiff in an action of tort to recover for personal injuries sustained as the result of an alleged defect in the sidewalk of Main Street, Worcester.

The only issues are the validity of a notice given under G. L. (Ter. Ed.) c. 84, § 18, as appearing in St. 1933, c. 114, § 1, and the absence of a counter notice by the defendant under § 20 of said c. 84 as appearing in St. 1933, c. 114, § 3, as amended by St. 1939, c. 147.

.A notice was given the defendant by an attorney in behalf of the person injured which seems proper except that it did not contain the place of residence of the person injured or the place of residence or business address of the attorney who gave the notice in her behalf. The defendant did not give the counter notice required in some circumstances by G. L. (Ter. Ed.) c. 84, § 20, as amended.

Section 18 provides, so far as pertinent, that a person injured by a defect in a highway shall give to the city within thirty days thereafter notice of the name and place of residence of the person injured, and the time, place and cause of said injury. Such notice shall not be invalid or insufficient solely by reason of any inaccuracy in stating the name or place of residence of the person injured, or the time, place or cause of the injury, if it is shown that there was no intention to mislead and that the party entitled to notice was not in fact misled thereby.

Section 20 provides, so far as pertinent, that a defendant shall not avail himself of any omission to state in such notice the name or place of residence of the person injured unless a counter notice is given the person injured, or the person giving such notice in his behalf, that his notice is

insufficient because it fails to state the name or residence of the person injured and requests forthwith a written notice in compliance with law. Section 20, however, further states, and this we believe applies to the notice in this action, "provided, that if the notice does not contain either the place of residence of the person injured or the place of residence or business address of the person giving or serving the notice on behalf of the person so injured, such notice of insufficiency shall not be required, and the defendant may avail himself in defence of any omission or defect in the notice."

The language of § 20 just quoted is clear, unambiguous, and unequivocal. The failure to include in the notice in the present case the place of residence of the person injured or the place of residence or business address of the attorney who gave the notice in her behalf was an omission which rendered the notice defective, and in these circumstances no counter notice was necessary. It was not a mere inaccuracy which could be cured by § 18 if it were shown that there was no intent to mislead and that the city in fact was not misled.

The giving of a proper notice is a condition precedent to the maintenance of an action to recover compensation for such injury. This omission was a defect of which the defendant could avail itself in defence of this action. *King* v. *Boston*, 300 Mass. 377, 380.

Nothing in St. 1939, c. 147, relieves the plaintiff from the effect of this omission. There was no error.

*Exceptions overruled.*