MARY SOUZA *vs.* WILLIAM A. TORPHY, executor.

Bristol.   October 28, 1957. — January 8, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Snow and Ice.   Notice.   Waiver.   Estoppel.   Pleading, Civil,* Declaration.

A declaration alleging that the plaintiff forbore giving a certain required notice "as a result of the conduct and statements" of the defendant "made . . . for the purpose of inducing" such forbearance, and that the defendant waived the notice and was estopped to rely on its absence as a defence was demurrable as stating mere conclusions without allegation of specific facts.   [585]

A cause of action for personal injuries against the owner of certain premises based on an accumulation of ice on an adjacent public sidewalk never came into existence where the notice required by G. L. (Ter. Ed.) c. 84, § 21, was not given, even if the owner waived such notice or was estopped to rely on its absence as a defence.   [585–587]

TORT.   Writ in the Superior Court dated January 7, 1955.

The action was heard by *Sullivan*, J., on demurrer.

*Abner Kravitz*, for the plaintiff.

*Mayo A. Darling*, for the defendant.

WHITTEMORE, J.   This is the plaintiff's exception to the order of the Superior Court which sustained the defendant's demurrer.   The declaration, in two counts, alleged injuries from a fall on or about January 15, 1954, caused by an unnatural accumulation of ice on a public sidewalk adjacent

to the property of the defendant's testator on Washington Street in Fall River which resulted from the negligent maintenance of the property or (count 2) from the maintenance of a nuisance in that artificial troughs and channels discharged water onto the sidewalk. It alleged also in each count that "as a result of the conduct and statements of the defendant's . . . testator, his [authorized] agents or servants . . . made to [the] plaintiff for the purpose of inducing her to forbear giving written notice as required by law, the plaintiff forbore sending such notice within thirty days after her injuries; that the . . . testator waived said notice and defendant is estopped from raising absence of written notice as a defence to this action, and the plaintiff has done all that is required of her . . . to give notice . . . ." The demurrer as to each count was on the ground that it "does not set forth a cause of action."

The only issue argued before us is whether notice under G. L. (Ter. Ed.) c. 84, § 21, as it stood in 1954 is unnecessary if there is waiver or estoppel.

The demurrer was good on another ground. The declaration fails to set out substantively any reason why the statutory requirement of notice is not applicable in accordance with its terms. Words of mere conclusion, in the absence of specification, do not advance the pleader. *Nye* v. *Storer,* 168 Mass. 53. *Arena* v. *Erler,* 300 Mass. 144. *Krebiozen Research Foundation* v. *Beacon Press, Inc.* 334 Mass. 86, 90. *Fleming* v. *Dane,* 298 Mass. 216, 218. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269, 281. *French* v. *Kemp,* 253 Mass. 75, 77. *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583, 586. See also *Dunn* v. *E. E. Gray Co.* 254 Mass. 202, 204. We do not reach consideration of the plaintiff's motion to amend filed in this court to overcome this objection to the declaration, for we think that even if waiver or estoppel had been properly pleaded the declaration would be insufficient.

The issue argued before us is foreclosed by *Miller* v. *Rosenthal,* 258 Mass. 368. There G. L. c. 84, § 21, was applicable; the injury was sustained on March 6, 1923; the

writ was dated March 7, 1923; and the notice was alleged to have been given on March 8, 1923. A motion to amend the writ to substitute a date after March 8 was denied. The court said, "The giving of the notice in a case like the present is a condition precedent to the existence of the cause of action. Injury alone cannot have life as a cause of action until after compliance with that condition . . . [cases]. When the writ was brought, there was no cause of action." The court cited *Veginan* v. *Morse*, 160 Mass. 143, which decided the same point in respect of a notice under the employers' liability act. Thus this court has construed the effect of St. 1908, c. 305, which inserted § 21, to be not only the insertion of the requirement of notice as a condition precedent to the enforcing of the common law action against a private person, but as changing the nature of the action to one which has no existence in the absence of the notice.

The effect of the statute under this construction has become the same as though the statute had at once created the remedy and limited the right. See also *Baird* v. *Baptist Society*, 208 Mass. 29, 31; *Mooney* v. *Salem*, 130 Mass. 402, 403; *Brocklesby* v. *Newton*, 294 Mass. 41, 42 (statements in respect of notice to municipalities under G. L. [Ter. Ed.] c. 84, § 18, or its forerunners); *Crosby* v. *Boston Elevated Railway*, 238 Mass. 564, 566 (death statute — limitation of time); *Healey* v. *George F. Blake Manuf. Co.* 180 Mass. 270 (employers' liability act).

 The plaintiff emphasizes the ground of distinction between the effect of § 18 and the effect of § 21, in that the cause of action against the private owner for negligence in maintaining premises was fully recognized at common law, *Leahan* v. *Cochran*, 178 Mass. 566, 569, *Baird* v. *Baptist Society*, 208 Mass. 29, 31, *Erickson* v. *Buckley*, 230 Mass. 467, 472, *Mays* v. *Gamarnick*, 326 Mass. 139, *Regan* v. *Atlantic Refining Co.* 312 Mass. 302, 305–306, *DePrizio* v. *F. W. Woolworth Co.* 291 Mass. 143, 145–146, and refers to cases of waiver and estoppel in respect of statutes of limitations which are not a part of the statute creating the right, *McLearn* v. *Hill*, 276 Mass. 519, *Knight* v. *Lawrence*, 331

Mass. 293, *MacKeen* v. *Kasinskas*, 333 Mass. 695, and also to cases of waiver of contractual requirements of action or notice under insurance policies. *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 435. *Aisenberg* v. *Royal Ins. Co. Ltd.* 266 Mass. 543, 545 (there must be averment of compliance with contractual conditions precedent to recovery or of waiver thereof and corresponding proof). See *Molea* v. *Aetna Ins. Co.* 326 Mass. 542, 547.

We agree that there is a basis for a distinction but we do not think we should change a construction of many years standing which in effect has become engrafted upon an act of the Legislature.

It is manifest that allegations of waiver or estoppel are meaningless if there was no cause of action in existence. *Brocklesby* v. *Newton,* 294 Mass. 41, 42. *Brown* v. *Winthrop,* 275 Mass. 43, 47. *King* v. *Boston,* 300 Mass. 377, 380. These are all cases under § 18 but the principle is applicable and it is not made less so by the additional consideration in those cases that no one can waive for or estop a municipality. See *Gay* v. *Cambridge,* 128 Mass. 387, 388; *Brown* v. *Winthrop,* 275 Mass. 43, 47.

*Exceptions overruled.*