*Southern District*

## LILLIAN GRUDAIN
### v.
## IRMA INGRAHAM

*Present:* Nash, P.J., Cox & Welch, JJ.

Case tried to *Athanas, J.,* in the Fourth District Court of Bristol. No. 17,896.

*Welch, J.* The plaintiff was injured in a fall on ice and snow on the outside steps of a tenement house owned by the defendant in Attleboro. No notice was given to the defendant as required by G. L. c. 84, §21. Suit was brought late in 1959.

The declaration is in two counts. Count one

is in tort for deceit. It sets forth that on Dec. 18, 1958 while leaving premises owned by the defendant she slipped and fell on the outside steps which were covered with snow and ice which had accumulated due to the negligence of the defendant; that the following day the defendant falsely and fraudulently represented to the plaintiff; among other things, that she had insurance for such accidents for over forty years and never reported an accident to the insurance company and that she did not want the accident reported and that if the plaintiff would send her a letter stating the expenses she would pay them; that said statements were made to induce the plaintiff to act on them and with knowledge of their falsity; that the plaintiff believed and relied upon each of the statements and was induced thereby to refrain from giving the thirty day notice required by G. L. c. 84, thereby being prevented from bringing an action of negligence against the defendant; that the plaintiff suffered severe personal injuries and expenses all to her damage as alleged in her writ.

Count 2 is in contract. It sets forth allegations as to the time and cause of her injuries and that the defendant was anxious that her insurance company did not become aware of the accident and that no legal action be taken by the plaintiff; that on or about Dec. 22, 1958 the defendant entered into an oral agreement with the plaintiff promising to pay the plaintiff's expenses resulting from the fall

when the plaintiff sent her a letter or statement showing the amount of the expenses; that the plaintiff thereupon refrained from giving a notice as required by G. L. c. 84, and brought no action for negligence; that the plaintiff sent the defendant a letter showing the amount of her expenses in accordance with their agreement; that the defendant refuses to pay said expenses.

The defendant demurred to each count as follows:

1. The declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action in tort against this defendant.

2. The matters contained in the declaration are insufficient in law to enable the plaintiff to maintain an action of tort against this defendant.

3. The declaration does not state a cause of action in tort substantially in accordance with the rules contained in G. L. c. 231 and amendments thereof and additions thereto and in particular in clause 2d of Section 7 thereof.

The court sustained the demurrer and the only issue before us is whether the plaintiff can maintain either a count for deceit or contract when no written notice had been given as required by G. L. c. 84, §21.

The defendant relies upon *Souza v. W. Torphy,* 336 Mass. 584, as being similar to the present case and precluding the plaintiff's action. We think that case is not decisive of this case. The *Souza* case was an action of tort in two counts. In count 1 the plaintiff

alleged injuries caused by the negligent maintenance of the defendant's testator's property and count 2 was for injuries caused by the maintenance of a nuisance in that artificial troughs and channels discharged water onto the sidewalk. The declaration also alleged in each count that as a result of the conduct and statements of the defendant's testator made to the plaintiff for the purpose of inducing the plaintiff to forbear giving the written notice required by law, the plaintiff forbore sending the notice, and that the testator *waived* the notice and the defendant was estopped from raising absence of notice as a defence. The defendant demurred to each count on the ground that the declaration did not set forth a cause of action. The demurrer was sustained and the court said at page 586: "The giving of the notice in a case like the present is a condition precedent to the existence of the cause of action. Injury alone cannot have life as a cause of action until after compliance with that condition. . . . When the writ was brought there was no cause of action."

The instant case is not an action of tort for negligence or nuisance. Count 1 is in tort for deceit and count 2 is in contract.

By demurring generally the defendant admits all the allegations which are well pleaded, or essential to enable the plaintiff to maintain his action. *French v. Lawrence,* 190 Mass. 230, 231.

The judge was right in sustaining the demurrer to Count 1 which was for de-

ceit. The material allegations are that the defendant had insurance for such accidents for over forty years and never reported an accident to the insurance company and that she did not want this accident reported and that if the plaintiff would send her a letter stating the expenses, she would pay them. The allegation is not of a representation of an existing fact on which to base an action for deceit. It is promissory in nature and therefore "is not properly a representation, but a contract." *Ernest F. Carlson Co. v. Fred T. Ley & Co., Inc.,* 269 Mass. 272, 276, 277. See also *Harris v. Delco Products, Inc.,* 305 Mass. 362, 365.

"Intention not to perform a promise, existing when the promise is made, is a misrepresentation of a material fact which can be made the foundation of an action for deceit but it is essential in such a case, that it must appear that an intention, not to carry out the promise, existed when the promise was made. This cannot be shown merely by non-performance of the promise." *Galotti v. U.S. Trust Co.,* 335 Mass. 496, 501 and cases there cited. The declaration in the case before us does not allege a false statement of present intention. See *Feldman v. Witmark,* 254 Mass. 480. *Alpine v. Friend Bros. Inc.,* 244 Mass. 164, 167.

As to the count in contract the plaintiff does not contend that she has an enforceable action for negligence. Her declaration alleges an express promise to forbear suit on the negligence

claim. Such promise is sufficient consideration to support a contract action.

"If an intending litigant bona fide forebears a right to litigate . . . he does give up something of value. *Ex parte Banner*, 17 Ch. D. 480, 490 Cited with approval in *Blount v. Wheeler*, 199 Mass. 330, 336.

"It is well settled that the abandonment of a claim believed to be well founded and made in good faith . . . is the surrender of a thing of value and is sufficient consideration for a contract." *Higgins v. Gilchrist Co.*, 301 Mass. 386, 390.

An order is to be entered sustaining the demurrer to Count 1, and overruling the demurrer to Count 2. So ordered.

George W. Harris of Attleboro, for the Plaintiff.
Eugene C. McCabe of Boston, for the Defendant.