*Northern District*

A.D. No. 5812

**FRANCES SCOLA, ET AL**

v.

**CITY OF GLOUCESTER**

February 10, 1964

*Present*: Brooks, P. J., Eno & Parker, JJ.

Case tried to *Harrington, J.* in the District Court of Eastern Essex. No. 16497.

*Eno, J.* This is an action of tort against the defendant city to recover for personal injuries allegedly caused on a defective sidewalk. There is also a count for consequential damages by the husband.

The answer contains a general denial and pleas of contributory negligence and the statute of limitations.

It was agreed that the action was not commenced within two years of the date of the accident.

The court at the request of the defendant made the following ruling of law:

"Finding for the defendant".

The plaintiffs claiming to be aggrieved by said ruling duly filed a draft report.

The plaintiffs argue in their brief that the defendant city is estopped from setting the statute of limitations as a defense because of various promises from city officials that the matter would be settled and that the plaintiffs relying on said promises did nothing about their claims.

The only question to be decided, therefore, is whether a city official by his action or promises would nullify G. L. (Ter. Ed.) c. 84, §18, which provides that such actions must be commenced within two years after the date of the injury.

The plaintiffs' brief does not cite a single case involving a city, but all those cited involve individuals and their attorneys or agents.

We are of opinion that there was no error by the trial judge in finding for the defendant since the action was not commenced within two years from the date of the injury and no city official was authorized to waive or extend the statutory limitation. *Gay v. Cambridge,* 128 Mass. 387; *Mooney v. Salem,* 130 Mass. 402; *Brown v. Winthrop,* 275 Mass. 43; *Langley v. Worcester,* 304 Mass. 580; *Commissioner v. Malden,* 321 Mass. 46, at 50; *Elbe File and Binder Co., Inc. v. Fall River,* 329 Mass. 682 at 686; *Souza v. Torphy,* 336 Mass. 584.

There being no error the report is to be dismissed.

Merrill B. Negris, of Gloucester, for the Plaintiff.
C. Richard Clark, of Gloucester, for the Defendant.