*Municipal Court of the
City of Boston*

No. 178948

**MARY IACAMPO**

v.

**CITY OF BOSTON**

(Argued: April 2, 1971 - Decided: Sept. 9, 1971)

*Present:* Lewiton, J., Presiding, Morrissey, Glynn, JJ.

Case tried to *Foster, J.*

**Glynn, J.** This is an action of tort for personal injuries suffered on January 5, 1967, as a result of a fall on a public way, to wit, Commonwealth Avenue, Boston.

**The plaintiff testified that** she fell at 7:45 a.m. while crossing Commonwealth Avenue to a street car stop. She described how her right foot lodged in soft material banked against the

divider, consisting of dirt, sand, debris, black gunk, snow and ice. This material had accumulated, according to witnesses, as a result of plows and trucks of the defendant pushing the material against the divider when the street was plowed, and this condition existed from early winter to early spring. At the time of the accident this material extended about 18 inches from each side of the divider, and about as high as the divider.

There was testimony that the divider is about 2 to 2½ feet wide and 10 to 12 inches high. Photographs of the area were introduced into evidence. There was no cross-walk or any marked pedestrian crossing at the area where the accident happened.

Evidence was introduced of a public way, and proper and seasonable notice of the claim of the plaintiff.

The plaintiff duly filed and the trial judge disposed of the following requests for rulings, as follows:

1. The evidence warrants a finding for the plaintiff.

   Warrants but does not compel.

2. The evidence requires a finding for the plaintiff.

   Denied. See finding of fact.

3. The accumulation of dirt, debris, though made up in part of snow and ice, may constitute a defect, if it is found that by reason of the accumulation, the public

way is not reasonably safe and convenient for travelers.

Denied. See finding of fact.

4. The piling of snow and ice around a road divider in such manner so as to hide the divider from travelers view may constitute a defect in a way.

Denied. See finding of fact.

The court filed the following finding of facts:

"The court finds no evidence that the defendant was in any way negligent as a result of an accumulation of ice and snow and debris that existed on the divider at the time of the accident."

The court found for the defendant, and the plaintiff claimed to be aggrieved by the court's denial of requests numbered 2, 3 and 4.

At the hearing before this Division, the plaintiff waived his claim for grievance as to all requests except request number 3 and the ruling thereon.

The evidence in the case at bar regarding the material on which the plaintiff stepped and fell was an accumulation pushed against the divider by plows and trucks of the defendant during the winter months. There is no evidence as to the percentage of ice and/or snow, or other material that had accumulated in the area in which the plaintiff fell.

The divider is not a sidewalk, but is placed in the highway to allow the safe passage of vehicular traffic travelling in opposite direc-

tions. There is no pedestrian crosswalk or any area marked for pedestrian traffic in the immediate vicinity of the accident.

The right to sue a municipality for a "defect" is purely statutory as set out in Chapter 84, §15 of the General Laws.

The responsibility of a municipality is further spelled out in section 17 of Chapter 84, as amended, which states that a municipality is not liable for injury received on a public way by reason of ice and snow thereon, if the place at which the injury was sustained was at the time of the accident otherwise reasonably safe and convenient for travellers.

The standard of responsibility of a municipality to maintain its ways is not absolute or inflexible. In determining the responsibility of a municipality in failing to maintain a public way reasonably safe, one has to look at the character of the way, the location, and its use for travel. What may amount to a defect on one travelled way may not amount to a defect in another travelled way. What might amount to a defect on a sidewalk may not be a defect on a way used for vehicular or some other use. *Hawkes* v. *Metropolitan Transit Authority and Boston*, 328 Mass. 140. *Becker* v. *Boston*, 321 Mass. 230.

The plaintiff in her brief and in oral argument relied on the case of *Mahoney* v. *Worcester*, 265 Mass. 94 where the "defect" was described as cinders that fell from a rail-

road abutment to a sidewalk over a period of time, and the court stated that the jury would be warranted in finding that it was a defect that the city should have known about and or could have been foreseen by the City.

The case at bar is clearly distinguishable from the *Mahoney* case, supra. The plaintiff fell in an area that was not used as a sidewalk or crosswalk or an area that pedestrian travellers ordinarily used.

Both from the standpoint of the locus of the area where the accident happened, and the lack of evidence as to the percentage of materials other than ice and snow so accumulated, the trial judge did not err in his ruling on request #3.

■ The municipality is not an insurer of the safety of all travellers on all its public ways. The burden of keeping travelled ways in a safe condition, free of defects, must be a reasonable one. *Vilante* v. *Watertown*, 300 Mass. 207. *Whalen* v. *Worcester Electric Light Co.*, 307 Mass. 169. **Report dismissed.**

Donald A. Macksey
   for the Plaintiff.

No brief filed for the Defendant City of Boston.