*Northern District*
No. 7989

## ELIZABETH J. WILSON

v.

## CITY OF BOSTON

Argued: Mar. 15, 1973 - Decided: Sept. 26, 1973

See: Reporter's Note.

*Present:* Cowdrey, P.J., Flynn, Bacigalupo, JJ.

Case tried to *Artesani, J.* in the Municipal Court of the Brighton District of the City of Boston, No. 497 of 1971.

**Cowdrey, P.J.** This is an action of tort brought under G.L. c. 84, § 15 in which the plaintiff seeks to recover damages for injuries sustained as a result of a fall on a public sidewalk.

The court found for the plaintiff and assessed damages in the amount of $5000.

The defendant seasonably filed a request for ruling that a "finding for the defendant is required for the reason that the notice does not comply with the requirement of G.L. c. 84, §§ 18 and 19". The court denied the request and found that notice under all the circumstances was sufficient.

The sole issue presented therefore is whether the notice given by the plaintiff to the defendant was timely. The alleged accident occurred on April 11, 1969, and notice required by the statute was given on July 28, 1969.

The report states as follows: "There was evidence that the plaintiff on April 11, 1969 while walking on the sidewalk on Washington Street in the Oak Square section of Brighton,

fell in a hole; that said hole was twelve inches (12″) long, eight inches (8″) wide and four inches (4″) deep; that City of Boston employees were working at the site at the time of the fall; that plaintiff was a woman sixty-five years old at the time of the fall; that plaintiff sustained a fractured wrist and fractured patella; that she was taken to St. Elizabeth's Hospital and was confined until May 9, 1969; that she was then at a nursing home until June 15, 1969; that she then went back to her home where she lived alone; that she attempted to give a notice on June second while at the nursing home; that after her return home she was still convalescing; that in the period of said convalescence she caused a notice to be sent on July 28, 1969, which was received by addressee on July 30, 1969.

There was further evidence that plaintiff incurred severe injuries, was caused to expend large sums for medical expenses and was caused to lose much time from her employment.

There was no expert testimony as to the mental capacity of the plaintiff during the period of the physical disability. The plaintiff testified that she was never rendered unconscious nor in a coma at any time after the injury. The paintiff further testified that she talked to a man in the drugstore immediately after falling and even took measurements of defect the same day. The plaintiff further testified

that she was able to converse with visitors at the hospital at all times during her disability and was alert at all times.

The court found that the plaintiff was injured in a fall on a public way in the City of Boston; that she incurred medical expenses and suffered loss of wages; that plaintiff was at all times in the exercise of due care; that there was a defect in the said public way into which plaintiff fell; that said defect was the cause of the fall; that defendant's agents or servants were at the place and suffered such defect to exist; that the incapacity of the plaintiff considering the seriousness of her injury, her age and convalescent period extended into July 1969; that notice was given on July twenty-eighth and received on the thirtieth; that said notice under all the circumstances was sufficient.''

G.L. c. 84, § 18 requires that notice in such cases be given within thirty days and G.L. c. 84, § 19 states in part that "if by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required, he may give it within thirty days after such incapacity has been removed.''

 Giving of notice and its timely filing required by said sections 18 and 19 is a condition precedent to bringing a personal injury action as in this case. *Paddock* v. *Brookline,* 347 Mass. 230.

We note that the statute permits the giving

of notice after 30 days if by reason of physical or mental incapacity it is *impossible* for the person injured to give notice.

The plaintiff, in his brief, argues certain other matters relative to the physical and mental condition of the plaintiff as indicating the impossibility of the giving of notice within the time specified in the statute. We are unable to consider these matters as we are required to look only at the evidence as contained in the report. Such evidence does not indicate that the state of the plaintiff's health was such as to render an impossibility of giving notice within 30 days.

In *Goodwin* v. *Fall River,* 228 Mass. 529 it was said ''The physical or mental incapacity which enlarges the period of limitation within which notice as a condition precedent to a right to maintain an action must be given, is an inability of the person injured to give the notice himself or through another which results from a loss of the faculties of the mind, or from a lack of power to use the mind because of the loss or impairment of the organs of the body. Mere physical inability to move or to be moved about or to write are not evidence of mental or physical incapacity.''

The report indicates that the plaintiff was not rendered unconscious or in a coma at any time, that she took measurements of the defect the same day and that she was able to converse with visitors at the hospital and was

alert at all times during her disability. There is no indication that the plaintiff was mentally incapacitated.

We rule that the denial of the defendant's request for ruling to wit "a finding for the defendant is required for the reason that the notice does not comply with the requirement of G.L. c. 84, §§ 18 and 19" was error.

Judgment for the plaintiff is to be vacated and judgment entered for the defendant.

JAMES F. McLAUGHLIN
 for Plaintiff

A. P. SENOPOULOS
 for Defendant