*Municipal Court of the City of Boston*

# CHARLES BURDETTE
## v.
# CITY OF BOSTON

Argued: Oct. 15, 1976; Decided: Dec. 21, 1976

Case tried to *Elam, J.*  No. 408483.

Present: Lewiton, C.J.; Canavan, DeGuglielmo, J.J.

**Canavan, J.**   This is an action of tort brought pursuant to G.L.c. 84, §15, against the City of Boston to recover compensation for personal injuries sustained by the plaintiff.

The plaintiff seeks a review of the trial justice's allowance of the defendant's motion to dismiss the complaint because of the plaintiff's failure to comply with the stautory notice requirements of G.L.c. 84, §§18[1] and 19.[2]

The undisputed facts are as follows:

The plaintiff's injury occurred on March 9, 1976 when he fell into a hole while walking on Topliff Street, a public way, in the City of Boston. The plaintiff's attorney sent notice of the injury to the Law Department of the City of Boston by letter dated April 6, 1976, which was received by the Law Department on April 8, 1976. On April 15, 1976, the plaintiff's attorney received a letter dated April 14, 1976, from the Law Department, denying liability on the grounds that notice of claim must be given to the Mayor, City Clerk, or Treasurer of the City of Boston. The plaintiff's attorney then sent notice to the Mayor's

---

[1] "A person so injured shall . . . within thirty days thereafter give to the . . . city . . . by law obliged to keep said way in repair, notice of the name and place of residence of the person injured, and the time, place and cause of the said injury or damage . . . ."

[2] "Such notice shall be in writing, signed by the person injured or by some one in his behalf, and may be given in the case of a city, to the mayor, the city clerk or treasurer . . . ."

Office by letter dated April 15, 1976, which was received by the Mayor's Office on April 21, 1976.

The plaintiff opposed the defendant's motion to dismiss on the grounds that the plaintiff had substantially complied with the notice requirements of G.L.c. 84, and that the plaintiff had in fact satisfied the purposes of such notice requirements, and that strict construction of such notice requirements would violate the Fourteenth Amendment, Section 1, of the United States Constitution.

The issue before this court is whether the trial justice erred in allowing the defendant's motion to dismiss the plaintiff's complaint, where the plaintiff did not give the written notice of his injury to the Mayor, City Clerk, or Treasurer of the City of Boston within 30 days after his injury in accordance with the requirements of G.L.c. 84, §§18 and 19. There was no error.

At common law, because of sovereign immunity, no action would lie against a city to recover for personal injuries sustained by a traveler on account of a failure to keep the public way reasonably safe. *Piotti v. Commonwealth,* —— Mass. —— (1976)[3]; *Whalen v. Worcester Electric Co.,* 307 Mass. 169 at 174 (1940); *Rouse v. City of Somerville,* 130 Mass. 361 (1881); *Sawyer v. Inhabitants of Northfield,* 7 Cush. 490 (1851); *Mower v. The Inhabitants of Leicester,* 9 Mass. 247 (1812). The rule of sovereign and municipal immunity is a judicially created common law concept, and an exception to the rule can only be made by judicial or legislative action. Over the years, both the courts and the Legislature have made exceptions to the rule and as in the instant case, the right of action against a city to recover damages for personal injury to a traveler on account of a defect in a public way was created and limited by G.L.c. 84, §15. *Hurlburt v. Town of Great Barrington,* 300 Mass. 524

---

[3] Mass. Adv. Sh. (1976) 1416.

(1938); *Whalen v. Worcester Electric Light Co.,* 307 Mass. 174 (1940); *Longley v. City of Worcester,* 304 Mass. 580 (1939); *Morash & Sons v. Comm.,* 363 Mass. 612 (1973).

The Legislature in creating a remedy has set forth the specific grounds upon which a municipality may be held liable for an injury suffered by a traveler upon a public way, and at the same time has safeguarded the city by providing for the giving of a written notice to certain designated city officials, with a designated time, requiring action to be brought within a certain period, by exempting the city from liability except where the defect was the sole cause of the injury, and by limiting the amount of recovery. G.L.c. 84, §§15, 18, 19, 20 and 21. *Whalen v. Worcester Electric Co.,* 307 Mass. 169 (1940); *Souza v. Trophy,* 336 Mass. 584 (1958).

The giving of notice as required by G.L.c. 84, §§18 and 19 is a condition precedent to bringing a personal injury action against the city and it is an essential ingredient, indispensable to the existence of the cause of action. Without it, no cause of action arises. Section 19 when read within the context of section 18 of G.L.c. 84, manifests the intent of the Legislature to have service of notice in the case of a city, made solely on the *Mayor,* the *City Clerk* or the *Treasurer* and not to clothe the injured party with discretionary power to select the City Solicitor or any other city official. *Paddock v. Brookline,* 347 Mass. 230, 236 (1964); *Souza v. Trophy,* 336 Mass. 584 (1958); *George v. Worcester,* 326 Mass. 446 (1950); *Merrill v. Springfield,* 284 Mass. 260 (1933); *O'Connell v. Cambridge,* 258 Mass. 203 (1927); *Hill v. Boston,* 122 Mass. 344 (1877).

Clearly, the plaintiff's notice was not given to the designated officer of the City of Boston, within thirty days of the plaintiff's injury as required by G.L.c. 84, §§18 and 19. Therefore, we rule that the trial justice

was warranted in allowing the defendant's motion to dismiss the plaintiff's complaint.

The plaintiff also argues that strict construction of such notice requirements of G.L.c. 84, §§18 and 19 would violate the Fourteenth Amendment, Section 1 of the United States Constitution. We hold that until the Supreme Judicial Court modifies or overrules the existing precedents pertaining to this question, we are bound by them. **Report dismissed·**