Doyle, P..I.
This is an action pursuant to G.L. c.84, § 15 to recover damages lor personal injuries sustained by the plaintiff in a fall on a public sidewalk in East Boston.
The sole issue for review is whether the plaintiff satisfied the statutory prerequisite to suit of timely, written notice of injury to the defendant-municipality as mandated by G.L. c.84, §§18, 19.
The material, reported evidence indicates that the plaintiff fell in a sidewalk declivity in front of her home on August 11. 1983. The plaintill did not lose consciousness at the time of her mishap and remained alert and communicative thereafter. She was treated on an outpatient basis on the evening in question for a fracture of the distal right fibula. Although the plaintiff did not return to work until October 17.1983. she was never hospitalized and received medical treatment on an outpatient basis only on four subsequent occasions.
On the day following the accident. August 12. 1983. the plaintill telephoned the Depart meat of Public Works for the defendant-municipality and informed an unidentified person of the sidewalk defect. This person indicated that a city representative would call the plaintiff or come to her home to obtain further information. Approximately one week later, the plaintiff placed a second *13 telephone call to the Department of Public Works and was again told that a city representative would appear at her home to examine the nature and location of the sidewalk defect. No employee of the Department ever contacted the plaintiff by telephone or in person.
The plaintiff forwarded a written notice of her claim of injury on October 5, 1983. Said written notice was received by the defendant’s City Clerk on October 11,1983.
Judgment was entered for the plaintiff.
The defendant has claimed an appeal to this Division on a charge of trial court error in the following disposition of two requests for rulings submitted by the defendant:
“1. The plaintiff can only recover if she proves that she provided the Defendant, City of Boston, with proper written notice within the required 30 day statutory limit. M.G.L. c.84, §. 18.
I SO FIND, BUT IN CONFORMITY WITH PROVIDED EXCEPTIONS AND INTERPRETATIONS OF CURRENT CASE LAW.
“2. Upon all the evidence, a finding for the Defendant is warranted. I DO NOT FIND.”
No subsidiary findings of fact were entered by the trial justice.
The parties agree that the exclusive remedy for injuries sustained in consequence of a defect in a public way is the statutory cause of action created and limited by G.L. c.84, § 15. McGrath v. Stanley; Carver, 397 Mass. 775, 781 n.6 (1986); Trioli v. Sudbury, 15 Mass. App. Ct. 394, 396 (1983); Iacampo v. Boston, 47 Mass. App. Dec. 87, 91 (1971);Souza v. New Bedford, 22 Mass. App. Dec. 106, 110 (1961). As the right to proceed against a municipality, is an exception to the common law doctrine of sovereign immunity and wholly a creature of statute, any exercise of this right must be premised upon a strict compliance with statutory requirements.
The legislature in creating a remedy has set forth the specific grounds upon which a municipality may be held liable for an injury suffered by a traveler upon a public way, and at the same time has safeguarded the city by providing for the giving of a written notice to certain designated officials, within a designated time, requiring action to be brought within a certain period, by exempting the city from liability except where the defect was the sole cause of the injury and by limiting the amount of recovery. ... It was intended to be an exclusive remedy.
Whalen v. Worcester Elec. Light, 307 Mass. 169, 174-175 (1940). The specific notice mandated by Sections 18 and 19 of G.L. c.84 is a written notice of injury to be forwarded within 30 days to, in the case of a municipality, the mayor, city clerk or treasurer. See, generally, Marsden v. Eastern Gas & Fuel, 7 Mass. App. Ct. 27. 28 (1979); Murphy v. Boston & Maine R.R., 332 Mass. 123, 123-124 (1956). As proper statutory notice is both "indispensable to the existence of the cause of action.” Paddock v. Brookline, 347 Mass. 230, 231-232 (1964) and a condition precedent to the initiation of suit, the failure to give such notice entitles the defendant-municipality to a judgment in its favor as a matter of law. Roland v. Kilroy, 282 Mass. 87. 90 (1933), Miller v. Rosenthal, 258 Mass. 368, 369 (1927); Burdette v. Boston, 59 Mass. App. Dec. 120, 123 (1976).
The plaintiffs initial efforts to report the sidewalk defect to the Department of Public Works by telephone did not constitute notice cognizable under Section 19. These communications were neither in written form, nor directed to the proper city official designated in the statute. See King v. Boston, 300 Mass. 377, 380 (1938); Souza v. Trophy, 336 Mass. 584 (1958); Paddock v. *14 Brookline, at 236; O’Connell v. Cambridge, 258 Mass. 203, 204-205 (1927).The plaintiffs October 5, 1983 written notice was issued fifty-five days after injury and was thus clearly untimely under the statute. Katz v. Boston, 1979 Mass. App. Div. 175, 178.
In disposing of defendant’s request number one, the trial justice ruled that the statutory mandate of notice must be viewed in the context of “provided exceptions and interpretations of current case law.” The sole “exception” to the written, thirty day notice is the possibility of a Section 19 extension if “by reason of physical or mental incapacity it is impossible for the person injured to give the notice within the time required. . ..” See, generally, Townsend v. Boston, 232 Mass. 451 (1919). The type of incapacity envisioned by Section 19 to justify an extension of time for giving notice to a city or town is:
An inability of the person injured to give the notice himself or through another which results from a loss of the faculties of the mind, or from a lack of power to use the mind because of the loss or impairment of the organs of the body. Mere physical inability to move or to be moved about or to write are not' evidence of mental or physical incapacity.
Goodwin v. Fall River, 228 Mass. 529, 533 (1917). See also, Perry v. Medeiros, 369 Mass. 836, 843-844 (1976). The report is devoid of any indication that the plaintiffs failure to forward timely notice to the defendant was attributable to such an impairment of her mental faculties that it was “impossible” for her, or for anyone acting in her behalf, to comply with the statute.[1] Wilson v. Boston, 52 Mass. App. Dec. 73 (1973). There was, in fact, evidence adduced at trial indicating that the plaintiffs injuries were restricted to a fractured fibula and that she remained continuously conscious and communicative subsequent to her mishap. Accordingly, no “exception” to the notice requirements of G.L. c.84, §§18, 19 is material herein.
We find no merit in the plaintiffs efforts to impress upon c.84 novel public policy exceptions to the notice requirement which were clearly unintended by the Legislature. Contrary to the plaintiffs contentions, the abrogation of governmental immunity enacted in the form of the Massachusetts Tort Claims Act, G.L. c.258, in 1978 altered neither the limited right of action, nor the statutory conditions precedent to the remedy created by G.L. c.84, §15. General Laws c.258 expressly preserved the provisions of G.L. c.84, § § 15-25, thereby establishing the Legislature’s clear intent to maintain the status of this statute and related decisional law as the exclusive avenue of redress against a municipality for injuries sustained as the result of defects in public ways. Tomasello v. Commonwealth, 398 Mass. 284, 285 (1986); Gallant v. Worcester, 383 Mass. 707, 711 (1981); Fleming v. Worcester, 1982 Mass. App. Div. 176, 177, n.1. Despite'the liberal trends gleaned by the plaintiff from the legislative history of G.L. c.84 and from recent case law, it is clear that the Legislature did not choose to condition the notice requirement mandated by the statute upon a balancing on a case by case basis of competing public and private interests, or to excuse the absence of notice whenever no demonstrable prejudice to the governmental unit occurs.[2] It is the function of this court to construe a statute *15 as written and to refrain from judicial legislation premised on little more than the arguable equities of a single case. See, generally, Rosenbloom v. Kokofsky, 373 Mass. 778, 780-781 (1977) Prudential Ins. Co. of America v. Boston, 369 Mass. 542, 547 (1976); Morse v. Boston, 253 Mass. 247, 252 (1925).
Finally, the plaintiffs resort to the doctrine of equitable estoppel to circumvent the notice requirements of c. 84 is equally unavailing. No “misrepresentation” as to statutory or legal remedies was made by a public official of the defendant-municipality upon which the plaintiff could have reasonably relied to her detriment. Second, the issuance of timely notice is an essential element of the injured party’s case to be pleaded and proved by the plaintiff. The absence of notice is not per se a defense, the defendant’s assertion of which could be subject to estoppel herein because of the questionable assurances of unidentified Public Works employees. In any event, the notice provisions of G.L. c.84, § § 18 and 19 are mandatory and cannot be altered, suspended or waived by a city or town, by municipal workers or by the court. Brown v. Winthrop, 275 Mass. 43, 47 (1931); Katz v. Boston, at 178 and cases cited; King v. Boston, at 380. See also, Scola v. Gloucester, 27 Mass. App. Dec. 152, 153 (1964).
The plaintiffs failure to forward timely, written notice of her injury to the defendant as prescribed by Sections 18 and 19 of c. 84 precluded any recovery by the plaintiff herein and entitled the defendant to judgment as a matter of law. The trial justice’s denial of defendant’s request for ruling number 15 that the evidence merely “warranted” a finding for the defendant was error.[3]
Accordingly, the trial court’s judgment for the plaintiff is vacated. Judgment is to be entered for the defendant. _■

 The burden obviously rested upon the plaintiff to assert and establish that any non-compliance with statutory notice terms was due to physical or mental incapacity. Katz v. Boston, 1979 Mass. App. Div. 175, 177.

 Section 18 does provide that “failure to give such notice for such injury or damage sustained by reason of snow or ice shall not be a defense under this section unless the defendant proves that it was prejudiced thereby.’’ As the sidewalk defect in question herein was not the product of an accumulation of snow and ice, this exception is irrelevant. Further, the defendant’s reliance upon the case of Intriligator v. Boston, 18 Mass. App. Ct. 703 (1984), reversed, 395 Mass. 489 (1985) is wholly misplaced. Such case was decided pursuant to the Mass. Tort Claims Act, involved a snow and ice defect on a park road not governed by c.84 and is thus inapposite.

 A request that the evidence “warrants” a finding in favor of the requesting party simply calls for a determination that some evidence has been introduced to support that party’s position. It is familiar law that the denial of such a request, in the absence of subsidiary findings of fact by the trial justice, is reversible error in all cases wherein the non-requestmg party is not entitled to judgment as a matter of law. See, e.g., Digesse v. Columbia Pontiac Co., 369 Mass. 99 (1975) and cases cited.